

KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
The Empire State Building
350 Fifth Avenue, Suite 1729
New York, NY 10118
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUAN MING LIN,
QI LI and ZENG GUAN LI,
on behalf of themselves and
others similarly situated,

        Plaintiffs,

v.

BENIHANA NATIONAL CORP.,
BENIHANA NEW YORK CORP.,
HARU HOLDING CORP. and
RICHARD STOCKINGER,

        Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, GUAN MING LIN, QI LI and ZENG GUAN LI, (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorney, hereby file this Complaint against Defendants, RICHARD STOCKINGER, BENIHANA NATIONAL CORP., BENIHANA NEW YORK CORP. and HARU HOLDING CORP. (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

10840508.2

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 et. seq. ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) reimbursement for expenses relating to tools of the trade, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (1) unpaid minimum wages, (2) reimbursement for expenses relating to tools of the trade, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, GUAN MING LIN, is a resident of Queens County, New York.

6. Plaintiff, QI LI, is a resident of Queens County, New York.

7. Plaintiff, ZENG GUAN LI, is a resident of Queens County, New York.

8. Upon information and belief, Defendant, BENIHANA NEW YORK CORP., Defendant, BENIHANA NATIONAL CORP., and Defendant, HARU HOLDING CORP., each is a foreign business corporation operating in New York, and organized under the laws of Delaware, with a principal executive office located at 8685 NW 53rd Terrace, Miami, Florida 33166, with an address for service of process located at c/o National Registered Agents, Inc., 440 9th Avenue, 5th Floor, New York, NY 10001.

10840508.2

9. Upon information and belief, Defendant, RICHARD STOCKINGER, is the Chairman or Chief Executive Officer of Defendant, BENIHANA NEW YORK CORP., Defendant, BENIHANA NATIONAL CORP., and Defendant, HARU HOLDING CORP.

10. At all relevant times, Defendant, BENIHANA NEW YORK CORP., Defendant, BENIHANA NATIONAL CORP., and Defendant, HARU HOLDING CORP., each was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Upon information and belief, Defendants operate a number of food and beverage establishments under the trade name "Haru" throughout the New York City area, including locations at Third Avenue, Park Avenue, Broadway, Gramercy, Amsterdam Avenue and Wall Street.

12. At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Defendants.

13. At all relevant times, Defendants knowingly and willfully failed to pay Defendants their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

16. On or about May 2004, Plaintiff, GUAN MING LIN, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' "Haru" food and

3

beverage establishment located at 1327 Third Avenue, New York, New York. GUAN MING LIN continues to be employed at Haru as of the date of this Complaint.

17. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff, GUAN MING LIN, and other similarly situated employees.

18. On or about 1999, Plaintiff, QI LI, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendant's 1327 Third Avenue, New York, New York. GUAN MING LIN was employed by Defendants until on or about August 2009.

19. On or about May 2006, Plaintiff, ZENG GUAN LI, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendant's "Haru" food and beverage establishment located at 1327 Third Avenue, New York, New York. GUAN MING LIN continues to be employed at Haru as of the date of this Complaint.

20. Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiffs and other similarly situated employees for expenses incurred in relation to tools of the trade used by Plaintiffs and other similarly situated employees in order to deliver food to customers of Defendants.

21. Plaintiffs retained Kraselnik & Lee, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

STATEMENT OF CLAIM

COUNT I

VIOLATION OF THE FAIR LABOR STANDARDS ACT

4

22. Plaintiffs reallege and reaver Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

24. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

25. Upon information and belief, at all relevant times, Defendant, BENIHANA NEW YORK CORP., Defendant, HARU HOLDING CORP., and Defendant, BENIHANA NATIONAL CORP., collectively had gross revenues in excess of $500,000.

26. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiffs and other similarly situated employees for expenses incurred in relation to tools of the trade used by Plaintiffs and other similarly situated employees in order to deliver food to customers of Defendants.

27. Plaintiff, GUAN MING LIN, worked hours for which he was not paid the statutory minimum wage.

28. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, GUAN MING LIN, for his hours worked.

29. Defendants failed to pay Plaintiff, GUAN MING LIN, minimum wages in the lawful amount for their hours worked.

30. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs, and expense reimbursements, are in the possession and custody

5

of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

31. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiffs the minimum wages for hours worked when Defendants knew or should have known such was due.

32. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiffs for expenses incurred in relation to tools of the trade used by Plaintiffs when Defendants knew or should have known such was due.

33. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

34. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unreimbursed expenses, plus an equal amount as liquidated damages.

36. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

37. Plaintiffs reallege and reaver Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

10840508.2

38. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

39. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiff, GUAN MING LIN, minimum wages in the lawful amount for hours worked.

40. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unreimbursed expenses in relation to tools of the trade used by Plaintiffs, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unreimbursed expenses in relation to tools of the trade used by Plaintiffs and other similarly situated;

10840508.2

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages and unreimbursed expenses in relation to tools of the trade used by Plaintiffs and others similarly situated pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages and unreimbursed expenses in relation to tools of the trade used by Plaintiffs and others similarly situated pursuant to the New York Labor Law;

h.  An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

10840508.2

Dated: February 3, 2010

Respectfully submitted,

KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
The Empire State Building
350 Fifth Avenue, Suite 1729
New York, NY 10118
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

By: _____
C.K. Lee (CL 4086)

9

10840508.2