UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GUAN MING LIN, QI LI, and: : Civil Action No.: 10-cv-1335(VM)
ZENG GUAN LI, :
on behalf of themselves and : ECF CASE
others similarly situated, :
:
Plaintiffs, :
:
v. :
:
BENIHANA NATIONAL CORP., :
BENIHANA NEW YORK CORP., :
HARU HOLDING CORP., :
HARU AMSTERDAM AVENUE CORP., :
HARU GRAMERCY PARK CORP., :
HARU PARK AVENUE CORP. :
HARU THIRD AVENUE CORP., :
HARU TOO, INC., :
HARU WALL STREET CORP., :
JOEL SCHWARTZ, and :
BENIHANA INC. :
            Defendants. :
------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
<u>MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION</u>**

# TABLE OF CONTENTS

**CASES**                                                                                          **PAGE NO.**

**PRELIMINARY STATEMENT** ................................................................................ 1

**STATEMENT OF FACTS** ....................................................................................... 3

    **A.**    **Defendants** ................................................................................................ 3

    **B.**    **The Second Amended Complaint And The Declarations Of The Three Named Plaintiffs** ................................. 3

**ARGUMENT** ............................................................................................................ 5

    **I.**    **PLAINTIFFS HAVE FAILED TO MAKE THE "MODEST FACTUAL SHOWING" REQUIRED FOR CERTIFICATION OF A CONDITIONAL COLLECTIVE ACTION AND AUTHORIZATION OF A CLASS NOTICE UNDER THE FLSA.** ................................................................. 5

    **II.**    **ADJUDICATING PLAINTIFFS' TOOLS OF THE TRADE CLAIM WOULD REQUIRE PLAINTIFF-BY-PLAINTIFF FACT SPECIFIC INQUIRES** ................................... 11

**CONCLUSION** ....................................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**                                                                                              **PAGE NO.**

*Cano, et ano., v. Four M. Food Corp., et al.*, 2009 U.S. Dist. Lexis 7780
(E.D.N.Y 2009) .................................................................................................. 6

*Davis v. Abercrombie & Fitch Co.*, 2008 U.S. Dist. Lexis 86577
(S.D.N.Y. 2008) ................................................................................................. 5

*Diaz v. Elec. Boutique of Am.*, 2005 U.S. Dist. Lexis 30382
(W.D.N.Y. 2005) ............................................................................................. 11

*Eng-Hatcher v. Sprint Nextel Corp.*, 2009 U.S. Dist. Lexis 127262
(S.D.N.Y. 2009) ................................................................................................. 6

*Flores v. Osaka Health Spa, Inc.*, 2006 U.S. Dist. LEXIS 11378
(S.D.N.Y. 2006) ................................................................................................. 6

*Gordon v. Kaleida Health, et al.*, 2009 U.S. Dist. Lexis 95729
(W.D.N.Y. 2009) ............................................................................................. 12

*Indergit v. Rite Aid Corp., et al.*, 2010 U.S. Dist. Lexis 60202
(S.D.N.Y. 2010) ............................................................................................ 5, 6

*Khalil v. Original Homestead Rest. Inc.*, 2007 U.S. Cist. Lexis 70372
(S.D.N.Y. 2007) ................................................................................................. 7

*Laroque v. Domino's Pizza, LLC*, 557 F.Supp. 2d 346
(E.D.N.Y. 2008) ................................................................................................. 6

*Lynch v. United Servs. Auto Assn'n*, 491 F. Supp. 2d 357
(S.D.N.Y. 2007) ................................................................................................. 5

*Mazur v. Lejbzon & Co., et. al.*, 2005 U.S. Dist. Lexis 30321
(S.D.N.Y. 2005) ................................................................................................. 7

*Morales v. Plantworks*, 2006 U.S. Dist. Lexis 4267
(S.D.N.Y. 2006) ................................................................................................. 6

*Prizmic v. Armour, Inc.*, 2006 U.S. Dist. Lexis 42627
(E.D.N.Y. 2006) ................................................................................................. 5

*Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S. Dist. Lexis 24318
(S.D.N.Y. 2006) ................................................................................................. 7

## **STATUTES**

12 N.Y.C.R.R. § 137-1.2. ................................................................................................ 8

29 U.S.C. § 206 (a) ......................................................................................................... 8

29 U.S.C. § 216(b) ..................................................................................................... 1, 5

Defendants Benihana National Corp. ("Benihana National"), Benihana New York Corp. ("BNY"), Haru Holding Corp. ("Haru Holding"), Haru Amsterdam Avenue Corp. ("Haru Amsterdam"), Haru Gramercy Park Corp. ("Haru Gramercy"), Haru Park Avenue Corp. ("Haru Park Avenue"), Haru Third Avenue Corp. ("Haru Third Avenue"), Haru Too, Inc. ("Haru Too"), Haru Wall Street Corp. ("Haru Wall Street"), and Benihana Inc. ("Benihana") (collectively, the "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiffs' motion for: (a) conditional certification of Plaintiffs' FLSA claims in Plaintiffs' Second Amended Complaint as a representative collective action pursuant to 29 U.S.C. § 216(b); (b) discovery of the names, addresses, telephone numbers, and social security numbers of potential collective action class members; and (c) approval of Plaintiffs' proposed notice to potential collective action class members and consent to sue forms.

## PRELIMINARY STATEMENT

The named Plaintiffs consist of two current and one former delivery persons employed at a single Haru restaurant -- the Haru Sake Bar (the "Restaurant"), which is owned and operated by Defendant Haru Too. Prior to taking any discovery -- and based solely on the vague and conclusory allegations in the Second Amended Complaint and the named Plaintiffs' brief Declarations -- Plaintiffs seek to expand the scope of this action to include current and former delivery persons employed at six (6) New York City area Haru restaurants.[1] There is absolutely no basis for doing so as Plaintiffs have not

---

[1] Plaintiffs do not clearly define the putative class in their Second Amended Complaint or in their motion papers. However, the allegations in the action purportedly solely relate to the delivery persons at the Haru restaurants in New York City and, in a July 21, 2010 letter to the Court, Plaintiffs' counsel describes the putative class as "…all delivery persons at all Haru locations throughout New York City." A copy of Plaintiffs' counsel's July 21, 2010 letter to the Court is annexed as Exhibit B to the Declaration of Richard Schaeffer, dated September 3, 2010. As has already been asserted by Defendants (and as will

come close to making the factual showing required before a collective action may be conditionally certified.

Plaintiffs do not provide Declarations from delivery persons at any of the other Haru restaurants (or even from other delivery persons at the Restaurant). Instead, they rely solely on their own conclusory (and contradictory) Declarations and on the vague and wholly conclusory allegations in the Second Amended Complaint. In doing so, they have fallen far short of making the factual showing that would be required to expand this action to even one Haru restaurant beyond the Restaurant where the named Plaintiffs work, let alone all of the other Haru restaurants in New York. The conclusory and vague allegations set forth in Plaintiffs' Second Amended Complaint, and in the Declarations of named Plaintiffs Guan Ming Lin, Qi Li and Zeng Guan Li fail to demonstrate that the named Plaintiffs are similarly situated to the putative collective action members who work as delivery persons at any of the other five restaurants owned and operated by Defendants Haru Amsterdam, Haru Gramercy, Haru Park Avenue, Haru Third Avenue and Haru Wall Street. In fact, Plaintiffs' Declarations establish that they: (i) are <u>not</u> similarly situated to each other or to other potential members of the putative collective action class; and (ii) were <u>not</u> victims of any alleged common policy of Defendants that allegedly violated the FLSA.

---

likely be asserted in a future motion for summary judgment by Defendants), the various Benihana entities named as Defendants in the Second Amended Complaint are not proper Defendants in this case as none of them were Plaintiffs' (or the other delivery persons') "employer" as that term is defined under the FLSA and New York Labor Law.

## STATEMENT OF FACTS

A.  **Defendants**

Defendants Benihana, Benihana National and BNY are Delaware corporations with executive offices located at 8685 NW 53rd Terrace, Miami, Florida.  (Second Amended Complaint, ¶¶ 8 and 9.)  Defendant Haru Holding is Delaware corporation with an office located at 355 West 36th Street, New York, New York.  (Second Amended Complaint, ¶ 8.)  Benihana is a publicly-held company.  (Second Amended Complaint, ¶ 9.)  Benihana National is a wholly owned subsidiary of Benihana, and is also the direct corporate parent of BNY and Haru Holding Corp.

Defendants Haru Amsterdam, Haru Gramercy, Haru Park Avenue, Haru Third Avenue, Haru Too, and Haru Wall Street are wholly-owned subsidiaries of Defendant Haru Holding Corp., and each of those Defendants owns and operates a Haru restaurant in New York City.

B.  **The Second Amended Complaint And The Declarations Of The Three Named Plaintiffs**

Plaintiffs' Second Amended Complaint, and the Declarations submitted by named Plaintiffs Guan Ming Lin, Qi Li, and Zeng Guan Li, set forth conclusory allegations in support of their claims for alleged unpaid minimum wages, overtime and reimbursement for alleged costs related to purported tools of the trade under the FLSA and the New York Labor Law.  Specifically, Plaintiffs allege that:

> (1)   Minimum Wage - Haru Too, Plaintiffs' employer, failed to pay Plaintiff Guan Ming Lin, and other purportedly similarly situated employees, the appropriate minimum wage in alleged violation of the FLSA and New York Labor Law.  (Second Amended Complaint, ¶¶ 27, 32.)  In the Declaration of Plaintiff Guan Ming Lin, Plaintiff Lin states that, "During my employment for Defendants, I was paid a base salary of up to $4.90 per hour, which was less than minimum

wage...While employed with Defendants, I <u>observed</u> that other employees did work that was the same or similar to the work I did. I also <u>observed</u> that these employees were paid a base salary which was less than minimum wage..." (Guan Ming Lin Declaration, ¶¶ 2 and 4, underscoring added.) In stark contrast, named Plaintiffs Qi Li and Zeng Guan Li <u>do not</u> allege that Defendant Haru Too paid them wages below the statutory minimum. In fact, they concede that they were paid a direct hourly wage in excess of the minimum wage. (Qi Li Declaration, ¶ 2; Zeng Guan Li Declaration, ¶ 2.)

(2) <u>Overtime Wages</u> - Haru Too, in alleged violation of the FLSA and New York Labor Law, failed to pay Plaintiff Qi Li and other purportedly similarly situated employees their appropriate overtime wages (Second Amended Complaint ¶¶ 26, 35, 44, 47, 50, 60.) In Plaintiff Qi Li's Declaration, he asserts that "While employed by the Defendants, I worked up to ten hours per day, five days a week. <u>Some</u> of the hours worked were not properly reflected in the punch clocks. I was not paid overtime at the rate of time-and-one-half for every hour I worked over forty hours in a workweek." (Qi Li Declaration, ¶¶ 3 and 4, underscoring added.) Similar to Plaintiffs' minimum wage claim, only one of the named Plaintiffs – Qi Li - alleges that he was not paid his appropriate overtime wages.

(3) <u>Tools of the Trade</u> - Haru Too, in alleged violation of the FLSA and New York Labor Law, failed to reimburse Plaintiffs, and other similarly situated employees their expenses purportedly incurred in connection with such Plaintiffs' maintenance and operation of "tools of the trade." (Second Amended Complaint, ¶¶ 28, 45, 48, 51 and 59.) Each of the three named Plaintiffs include allegations in their Declarations that Defendant Haru Too did not reimburse Plaintiffs their expenses in connection with their "tools of trade," which they identified as motorcycles, motorbikes and bicycles. They also claim that they "observed" that other purportedly similarly situated delivery persons at the Restaurant did not receive reimbursement for such purported expenses. (Guan Ming Lin Declaration, ¶¶3 and 4; Qi Li Declaration, ¶5; and Zeng Guan Li Declaration, ¶3).

As set forth more fully below, even if Plaintiffs' conclusory allegations were true, which they are not, they are not sufficient to meet this Circuit's "modest factual showing" standard for granting conditional certification of a collective action under the FLSA.

## ARGUMENT

I. **PLAINTIFFS HAVE FAILED TO MAKE THE "MODEST FACTUAL SHOWING" REQUIRED FOR CERTIFICATION OF A CONDITIONAL COLLECTIVE ACTION AND AUTHORIZATION OF A CLASS NOTICE UNDER THE FLSA.**

Section 216(b) of the FLSA authorizes the Court to conditionally certify a class of plaintiffs and permit the mailing of court-authorized notice to potential opt-in plaintiffs when representative plaintiffs have demonstrated that they are similarly situated to the potential opt-in plaintiffs. *See Indergit v. Rite Aid Corp., et al.*, 2010 U.S. Dist. Lexis 60202, *11-*14 (S.D.N.Y. 2010); *Lynch v. United Servs. Auto Assn'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). In order to satisfy the "similarly situated" standard, a representative plaintiff must make a "'modest factual showing' that [plaintiff] and the other putative collective action members 'were victims of a common policy that violated the law.'" *Indergit*, 2010 U.S. Dist. Lexis at * 12 (internal citations omitted). This requirement will only be met when the named plaintiffs have set forth factual allegations, not conclusory or uncorroborated allegations, demonstrating a nexus between their grievances and those of the potential opt-in plaintiffs with respect to their employer's purported violation of the FLSA. *See Id.*; *see also, Davis v. Abercrombie & Fitch Co.*, 2008 U.S. Dist. Lexis 86577, at *2 (S.D.N.Y. 2008) (stating that the named plaintiff has made a "modest factual showing" when the plaintiff "has offered 'substantial allegations of a factual nexus between plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation.'" (underscoring added) (internal citations omitted); *Prizmic v. Armour, Inc.*, 2006 U.S. Dist. Lexis 42627, * 7 (E.D.N.Y. 2006) (stating that a named plaintiff "must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations.")

In considering a plaintiff's motion for conditional certification, Courts in this Circuit will examine the plaintiff's own pleadings and declarations, and the declarations of other potential opt-in plaintiffs. *See Laroque v. Domino's Pizza, LLC*, 557 F.Supp. 2d 346 (E.D.N.Y. 2008) (limiting conditional certification to include a class of delivery persons at <u>one</u> Domino's Pizza restaurant -- as representative plaintiffs, by way of their pleadings and affidavits from named and potential opt-in plaintiffs all from the same Dominos Pizza restaurant, failed to allege any facts justifying the certification of a class to include delivery persons from five of defendants' other local-area restaurants); *Indergit*, 2010 U.S. Dist. Lexis at * 12; *Cano, et ano., v. Four M. Food Corp., et al.*, 2009 U.S. Dist. Lexis 7780, * 9 (E.D.N.Y 2009); *Flores v. Osaka Health Spa, Inc.*, 2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. 2006) (denying plaintiff's motion for conditional certification of a class for failing to make a "modest showing" that she and the potential opt-in plaintiffs were victims of a common policy); *Morales v. Plantworks*, 2006 U.S. Dist. Lexis 4267, * 5-6 (S.D.N.Y. 2006) (denying plaintiffs' motion to proceed as a collective action as plaintiffs' affidavits and exhibits, "contain no reference to any Plantworks employee other than plaintiffs, and they make no allegations of a common policy or plan to deny plaintiffs overtime. The only additional support for plaintiffs' claim that they are similarly situated to other Plantworks' employees comes from their conclusory allegation in the amended complaint that 'there are over 20 current and former employees that are similarly situated to Plaintiffs and have been denied minimum wage and overtime compensation while working for Defendants.'"); *Eng-Hatcher v. Sprint Nextel Corp.*, 2009 U.S. Dist. Lexis 127262, *15-18 (S.D.N.Y. 2009) (denying plaintiff's motion for conditional certification of a collective action as plaintiff failed to

192386.4

provide affidavits from any other employees to corroborate her claims, and holding that, "identifying potential class members may be a sufficient showing when the potential class is made up of individuals 'who worked in the same location, during the same general period, under essentially the same management,' but fails to meet the modest factual showing required by the courts when plaintiff attempts to impute her own limited experience to a nationwide class." (Internal citations omitted.))

Here, Plaintiffs have failed to meet the "modest factual showing" standard required by Courts in this Circuit. Plaintiffs' Second Amended Complaint does not include any non-conclusory factual allegations that demonstrate that Plaintiffs, and the other putative collective action members, were similarly situated to each other or to any of the other putative potential class members who work as delivery persons at any of the six Haru restaurants referenced in the Second Amended Complaint. Similar to the *Eng-Hatcher* case, Plaintiffs have failed to provide declarations from anyone other than the three named Plaintiffs, all of whom worked at the same Restaurant. They do not provide declarations from any of the delivery persons at the other Haru restaurants or even from any other delivery persons at the Restaurant. Instead, they rely solely on the vague and conclusory allegations in the Second Amended Complaint and their Declarations.[2] The

---

[2] The legal support and limited analysis set forth in Plaintiffs' Memorandum of Law (Plaintiffs' moving brief, pp. 10 and 12) do not support any other conclusion. None of the cases cited in Plaintiffs' moving papers support their position that Plaintiffs' general, conclusory allegations set forth in their Second Amended Complaint and Declarations meet the "modest factual showing" standard required by courts in this Circuit. In *Khalil v. Original Homestead Rest. Inc.*, 2007 U.S. Cist. Lexis 70372, at *3 (S.D.N.Y. 2007), the named plaintiff filed a detailed affidavit that explicitly stated how the plaintiff, and other similarly situated employees were all victims of a common policy at one restaurant. In *Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S. Dist. Lexis 24318, at *8 – 9 (S.D.N.Y. 2006), the Court granted certification where the named plaintiffs and the similarly situated employees shared many factual similarities and were victims of a common policy. Here, not even the three named Plaintiffs allege that they each were victims of Defendants' purported common policy of not paying minimum wages and overtime wages. In *Mazur v. Lejbzon & Co., et. al.*, 2005 U.S. Dist. Lexis 30321 (S.D.N.Y. 2005), the named plaintiffs demonstrated, through their detailed complaint and declarations in which they named similarly situated employees, that plaintiffs and their co-workers were victims of plaintiffs' employer's common

Second Amended Complaint contains nothing more than unsupported, general conclusory allegations that Defendants had a policy or practice of not paying Plaintiffs, and other purportedly similarly situated employees, the appropriate minimum and overtime wages, and of not reimbursing Plaintiffs and other purportedly similarly situated employees for purported tools of the trade. The Declarations submitted by Plaintiffs actually contradict those allegations.

As to Plaintiffs' claim that Defendants failed to pay Plaintiff Guan Ming Lin, and other purportedly similarly situated employees their appropriate straight-time minimum wages in violation of the FLSA and New York Labor Law, the allegations in the Second Amended Complaint and Plaintiffs' own Declarations show that there was no common policy of not paying Plaintiffs (or any of the other delivery persons) at least the minimum wage. In fact, two of the three named Plaintiffs admit in their Declarations that they were paid direct wages in excess of the minimum wage.[3] In addition, Plaintiffs' Second Amended Complaint and Guan Ming Lin's Declaration do not identify a single similarly situated employee who was also a purported victim of Defendants' alleged policy of not paying appropriate straight-time wages.[4]

---

policy of not paying overtime wages. Other than the three named Plaintiffs, Plaintiffs have not provided a name of a single purportedly similarly situated employee or the name of the Haru restaurant where such purportedly similarly situated employee worked.

[3] In the Declaration of Qi Li, Plaintiff Qi Li states, "During my employment for Defendants, I was paid a base salary of up to $9.00 per hour." (¶ 2.) And, in the Declaration of Zeng Guan Li, Plaintiff Zeng Guan Li states that "During my employment for Defendants, I was paid a base salary of up to $7.50 per hour." (¶ 2.) During all relevant periods, the minimum hourly wage rate has been no higher than the current minimum wage rate of $7.25 per hour. *See* 29 U.S.C. § 206 (a); New York State Minimum Wage Order For The Restaurant Industry, Minimum Wage and Allowances, 12 N.Y.C.R.R. § 137-1.2.

[4] Specifically, with respect to Plaintiffs' minimum wage claim, the only allegations that Plaintiffs make are:
- "At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law." (Second Amended Complaint, ¶ 27.)

8

192386.4

Also, Defendants payment to Guan Ming Lin of an hourly wage below the statutory minimum was lawful. Under the FLSA and New York Labor Law, Defendants are entitled to take a tip credit toward the minimum wage and thus pay tipped employees, including food delivery persons, less than the full statutory basic minimum hourly wage.

Similar to Plaintiffs' minimum wage claim, Plaintiffs' conclusory allegations in support of their claims that Defendants failed to pay Plaintiff Qi Li, and other purportedly similarly situated employees their overtime wages demonstrate that Defendants, in fact, did <u>not</u> have a policy of failing to pay its delivery staff overtime wages. Only one of the three Declarants, Qi Li, claims that he was not paid overtime. In his Declaration, Plaintiff Qi Li simply asserts that, "<u>Some</u> of the hours worked were not properly reflected in the punch clocks." (Qi Li Declaration, ¶ 3, underscoring added.) At most, Plaintiff Qi Li alleges that Defendant Haru Too's purported failure to pay him overtime wages was apparently due to a clerical error of sorts, and not a company-wide policy of failing to pay the Restaurant's delivery personnel (let alone the delivery personnel working at any of the other five restaurants owned and operated by the other Defendants) their overtime wages. Additionally, Plaintiffs Guan Ming Lin and Zeng Guan Li do not even claim in their Declarations that they were not paid overtime. And, similar to Plaintiffs' minimum wage claim, the Second Amended Complaint and Plaintiff Qi Li's Declaration do not

---

- "Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff Guan Ming Lin, or other similarly situated employees." (Second Amended Complaint, ¶ 32.)

- "During my employment for Defendants, I was paid a base salary of up to $4.90 per hour, which is less than minimum wage." (Lin Declaration, ¶ 2.)

- "While employed with Defendants, I observed that other employees did work that was the same or similar to the work I did. I also observed that these employees were paid a base salary which was less than minimum wage..." (Lin Declaration, ¶ 4.)

identify a single purportedly similarly situated employee who also allegedly failed to receive overtime wages from Defendants.

Plaintiffs' allegations in support of their FLSA and New York Labor Law claims based on Defendants' purported failure to reimburse Plaintiffs expenses incurred in relation to Plaintiffs' alleged purchase, repair and maintenance of their motorcycles and bicycles are wholly conclusory. Plaintiffs make the conclusory allegations that:

- "Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiffs and other similarly situated employees for expenses incurred in relation to tools of the trade used by Plaintiffs and other similarly situated employees in order to deliver food to customers of Defendants" (Second Amended Complaint, ¶ 36); and

- "While employed with Defendants, I observed that other employees did work that was the same or similar to the work I did. I also observed that these employees ... were not reimbursed for (i) uniform expenses[5] and (ii) the purchase price, gas, repair, and maintenance of the motorcycles, motorbikes and bicycles used for delivering food." (Guan Ming Lin Declaration, ¶ 4; *see also,* Qi Li Declaration, ¶ 6, and Zeng Guan Li Declaration, ¶ 4.)

These allegations are not corroborated by a declaration from a single delivery person at another Haru restaurant and Plaintiffs do not even identify a single delivery person at any other Haru restaurant (or even at the same Restaurant) who was allegedly subjected to an alleged common policy that violated the FLSA. These allegations fail to demonstrate a factual nexus between Plaintiffs' grievances and those of the potential opt-in plaintiffs with respect to any of the Defendants' purported violation of the FLSA. In addition, the Declarations of the three named Plaintiffs fail to show a factual nexus between their own theories for reimbursement and recovery as none of the Declarations set forth which, if any, tools of the trade (e.g.., motorcycles, motorbikes, electric bicycles, and/or bicycles),

---

[5] It should be noted that a claim for reimbursement for alleged "uniform expenses," which appears only in Plaintiffs' Declarations, is not included in Plaintiffs' Second Amended Complaint and thus is not properly at issue in this case.

the named Plaintiffs used to make their individual food deliveries, and what maintenance, purchase and repair expenses they shared in common. The fact is that, once again, not even the named Plaintiffs are similarly situated to each other. Therefore, similar to Plaintiffs' minimum wage and overtime claims, Plaintiffs have not made a "modest factual showing" that they and other putative collective action members employed as delivery persons at the six aforementioned Haru restaurants were victims of a common policy of Defendants that violated the law.

### II.  ADJUDICATING PLAINTIFFS' TOOLS OF THE TRADE CLAIM WOULD REQUIRE PLAINTIFF-BY-PLAINTIFF FACT SPECIFIC INQUIRES

Collective action certification and notice are properly denied when adjudication of the putative plaintiffs' claims would require individualized analysis and inquiry. *See Diaz v. Elec. Boutique of Am.*, 2005 U.S. Dist. Lexis 30382, at *16-17 (W.D.N.Y. 2005). Plaintiffs' tools of the trade claim alleges a putative class of delivery staff persons employed at the Restaurant, and putative plaintiffs at five other Haru restaurants owned and operated by the aforementioned Defendants, who used bicycles and motorbikes to make deliveries (e.g., motorcycles, motorbikes, electric bicycles, and/or bicycles). Plaintiffs' theories of recovery, and the amount of recovery, if any, would vary from plaintiff to plaintiff depending on the type of vehicle they used to make such deliveries. Therefore, for this additional reason, Plaintiffs' motion for collective action certification and notice of Plaintiffs' tools of the trade claim should be denied.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion in its entirety, and grant Defendants such other and further relief as the Court deems just and proper.[6]

Dated:   September 3, 2010                                Respectfully Submitted,
         New York, New York

---

[6] Defendants submit that a collective action should not be conditionally certified and notice should not be authorized even as to the delivery persons at the Restaurant as Plaintiffs have failed to meet this Circuit's standard for conditional certification of a collective action of their FLSA claims. However, should the Court consider Plaintiffs' proposed notice and consent to sue forms, Defendants submit that the documents are objectionable for numerous reasons including, but not limited to, the documents being overbroad as the proposed notice purports to provide notice to all delivery persons who worked at the aforementioned six restaurants, along with "all delivery persons employed by Benihana National Corp., Benihana New York Corp,...and Benihana, Inc." The allegations in Plaintiffs' Second Amended Complaint and their Declarations relate solely to the Restaurant, as well as to allegedly similarly situated delivery persons at other "Haru" restaurants owned and operated by the aforementioned Defendants. Accordingly, there is certainly no justification to conditionally certify a collective action and authorize notice with respect to delivery persons at other Haru restaurants, let alone at restaurants other than Haru. Additionally, among other things, the consent to sue does not identify the collective class. Nor does it even identify the current action (e.g., does not include the Court, caption or index number) thereby potentially implying consent to join any action against any of the Defendants in any Court. **Should this Court conditionally certify a collective action, Defendants respectfully request that they be permitted to promptly submit a counter-proposed notice and consent to sue form for the Court's consideration.** Plaintiffs' request for the Court to authorize the positing of the proposed notice "in a conspicuous location in each location where Defendants operate a food and beverage establishment" is also improper. The delivery persons constitute a relatively small percentage of the employees at each of the Haru restaurants. Posting a notice that could then be viewed by all employees would be unnecessarily and needlessly disruptive to Haru's business. It would also only reach current delivery staff, not former delivery staff. Additionally, mailing of any Court-approved notices via first-class mail has been found to be the best and most reliable form of notice practicable. *See Gordon v. Kaleida Health, et al.*, 2009 U.S. Dist. Lexis 95729, * 35-36 (W.D.N.Y. 2009).

In addition, Plaintiffs' discovery requests are overly broad (for the reasons discussed above), premature and inappropriate to the extent that they seek the social security numbers for delivery persons employed at the six aforementioned Haru restaurants. Plaintiffs' claimed justification for seeking this sensitive and confidential information, prior to an initial mailing of the notices, is so that "Plaintiffs' counsel <u>can perform a skip trace for all notices returned as undeliverable because of a change of address.</u>" (Plaintiffs Moving Brief, p. 13 (underscoring added).) If the Court grants conditional certification of this action as an FLSA collective action, Defendants will provide Plaintiffs' counsel with the name and last known mailing address of each potential collective action class member for the sole purpose of effectuating the mailing of the notice and consent to sue form, provided that Plaintiffs' counsel agrees to comply with all state and federal laws that protect the privacy of Defendants' current and former employees. If any of the mailed notices and consent to sue forms are returned to Plaintiffs' counsel, Defendants shall, upon request of Plaintiffs' counsel, provide Plaintiffs' counsel with the last four digits of the social security number of such specific potential collective action class members for the sole purpose of Plaintiffs' counsel conducting a skip trace.

DORNBUSH SCHAEFFER
STRONGIN & VENAGLIA, LLP

By: *[signature]*

Richard Schaeffer (RS-0019)
Adler Bernard (AB-0233)
747 Third Avenue
New York, New York 10017
212-759-3300

Attorneys for Defendants
Benihana National Corp., Benihana
New York Corp, Haru Holding
Corp., Haru Amsterdam Avenue
Corp., Haru Gramercy Park Corp.,
Haru Park Avenue Corp., Haru Third
Avenue Corp., Haru Too Inc., Haru
Wall Street Corp., and Benihana Inc.

192386.4