UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
GUAN MING LIN, QI LI, and            :   Civil Action No.: 10-cv-01335(VM)
ZENG GUAN LI,                        :
on behalf of themselves and          :   ECF CASE
others similarly situated,           :
                                     :
                 Plaintiffs,   :
                                     :
v.                                   :
                                     :
BENIHANA NATIONAL CORP.,             :
BENIHANA NEW YORK CORP.,             :
HARU HOLDING CORP.,                  :
HARU AMSTERDAM AVENUE CORP.,         :
HARU GRAMERCY PARK CORP.,            :
HARU PARK AVENUE CORP.               :
HARU THIRD AVENUE CORP.,             :
HARU TOO, INC.,                      :
HARU WALL STREET CORP.,              :
JOEL SCHWARTZ, and                   :
BENIHANA INC.                        :
                                     :
                 Defendants.   :
------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION**
**FOR PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION**

# TABLE OF CONTENTS

**SECTION** **PAGE NO.**

**PRELIMINARY STATEMENT** ............................................................................................ 1

**STATEMENT OF FACTS** .................................................................................................... 2

**ARGUMENT** ........................................................................................................................ 3

    I.   MR. STOCKINGER LACKS PERSONAL
        KNOWLEDGE OF THE FACTS AT ISSUE ................................................................... 5

    II.  PLAINTIFFS' DEPOSITION NOTICE IS DESIGNED
        TO BURDEN AND HARASS MR. STOCKINGER ........................................................ 6

**CONCLUSION** ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**                                                           **PAGE NO.**

*Bey v. City of New York*, 2007 U.S. Dist. LEXIS 76464
(S.D.N.Y. Oct. 15, 2007) ........................................................................................... 3

*Bouchard v. New York Archdiocese, et al.*, 2007 U.S. Dist. LEXIS 69217
(S.D.N.Y. Sept. 19, 2007) ......................................................................................... 6

*Burns, et al. v. Bank of America, et al.*, 2007 U.S. Dist. LEXIS 40037
(S.D.N.Y. June 4, 2007) ........................................................................................ 4, 7

*Consolidated Rail Corp. v. Primary Industries Corp.*, 1993 U.S. Dist. LEXIS 12600
(S.D.N.Y. Sept. 10, 1993) ......................................................................................... 4

*Deluca v. Bank of Tokyo-Mitsubishi UFJ*, 2007 U.S. Dist. LEXIS 64807
(S.D.N.Y. Aug. 30, 2007) ......................................................................................... 5

*Fosamax Products Liability Litigation*, 2009 U.S. Dist. LEXIS 70246
(S.D.N.Y. Aug. 4, 2009) ........................................................................................... 4

*Jones v. Hirschfeld*, 219 F.R.D. 71
(S.D.N.Y. 2003) ........................................................................................................ 3

*Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F. 922
(8th Cir. 1999) ........................................................................................................... 5

*Salter v. The Upjohn Co.*, 593 F.2d 649
(5th Cir. 1979) ........................................................................................................... 5

*Speadmark, Inc. v Federated Department Stores, Inc.*, 176 F.R.D. 116
(S.D.N.Y. 1997) ........................................................................................................ 4

*Treppel v. Biovail Corp.*, 2006 U.S. Dist. LEXIS 7836
(S.D.N.Y. Feb. 28, 2006) .......................................................................................... 7

**RULES**

Fed. R. Civ. P. 26(c) .......................................................................................................... 3
Fed. R. Civ. P. 45(c) .......................................................................................................... 3

192518.3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

| | |
|---|---|
| GUAN MING LIN, QI LI, and ZENG GUAN LI, on behalf of themselves and others similarly situated, | Civil Action No.: 10-cv-01335(VM) |
| | ECF CASE |
| Plaintiffs, | |
| v. | |
| BENIHANA NATIONAL CORP., BENIHANA NEW YORK CORP., HARU HOLDING CORP., HARU AMSTERDAM AVENUE CORP., HARU GRAMERCY PARK CORP., HARU PARK AVENUE CORP. HARU THIRD AVENUE CORP., HARU TOO, INC., HARU WALL STREET CORP., JOEL SCHWARTZ, and BENIHANA INC. | |
| Defendants. | |

------------------------------------------------------x

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO QUASH NOTICE OF DEPOSITION

### PRELIMINARY STATEMENT

Defendants move for a protective order and to quash the Notice of Deposition of Mr. Richard Stockinger, President and Chief Executive Officer of Defendant Benihana Inc. Mr. Stockinger is not a party to this action. Mr. Stockinger is an "apex witness," and may not be compelled to testify absent a showing that he has unique personal knowledge of the facts at issue – a standard that Plaintiffs cannot meet since Mr. Stockinger has no personal knowledge of the underlying facts relating to this litigation. In contrast, there are management-level employees with first-hand knowledge of facts relevant to this lawsuit, and the various policies and

1

192518.3

procedures at the restaurants owned and operated by the individual corporate Defendants (*e.g.*, Haru Amsterdam Avenue Corp., Haru Gramercy Park Corp., Haru Park Avenue Corp., Haru Third Avenue Corp., Haru Too, Inc., and Haru Wall Street Corp.) who Plaintiffs could seek to depose. One such appropriate management-level employee is Mr. Seth Rose, Vice President of Operations at Haru Holding Corp. – an individual who Defendants offered to make available to Plaintiffs for deposition. Nonetheless, the very first deposition noticed by Plaintiffs was that of Mr. Stockinger. The only purpose for doing so was, no doubt, to attempt to harass Defendants and Mr. Stockinger. Therefore, as set forth more fully below, Defendants respectfully request that the Court quash Plaintiffs' Notice of the Deposition and grant Defendants a protective order with respect to Mr. Stockinger.

## STATEMENT OF FACTS

In this putative collective/class action alleging Defendants' purported violations of state and federal labor laws, Plaintiffs – one former and two current delivery persons at Haru Sake Bar (the "Restaurant"), which is owned and operated by Defendant Haru Too, Inc. – make claims for alleged unpaid minimum wages, overtime pay and alleged "tools of the trade".

Mr. Stockinger is the highest-ranking officer at Benihana Inc., which is a public company. (*See* Declaration of Richard Stockinger (the "Stockinger Decl."), ¶ 2.) Mr. Stockinger oversees the operation of Benihana Inc., and develops and implements strategies, visions and goals for the company as a whole. There are multiple corporate entities and layers of management between Mr. Stockinger and the named Plaintiffs, other delivery persons at the Restaurant, and delivery persons at other Haru restaurants. (Stockinger Decl., ¶¶ 3 and 6.) Mr. Stockinger is not involved in the day-to-day operations of any of the Haru restaurants. (Stockinger Decl., ¶5.) For example, he is not (and has not been) involved in determining

individual compensation rates or practices, or setting work schedules. (Stockinger Decl., ¶5.) The Haru restaurants are owned and operated by separate entities and are managed by individual management teams led by General Managers. (*See* Declaration of Seth Rose (the "Rose Decl."), ¶ 3.) Each Haru restaurant General Manager reports directly to Keith Dusko, Defendant Haru Holding Corp.'s Senior Director of Operations, and, on occasion, report to Mr. Rose. (Rose Decl., ¶3.) Mr. Dusko reports directly to Mr. Rose, and Mr. Rose oversees the operation of the Haru restaurants. (Rose Decl., ¶3.)

On August 18, 2010, counsel for Defendants, pursuant to Fed. Rule Civ. P. 26(c)(1), informed opposing counsel that Mr. Stockinger has no relevant information concerning any of the claims made by Plaintiffs in their Second Amended Complaint, and requested that Plaintiffs withdraw their Notice to take the Deposition of Mr. Stockinger. Defendants offered to produce Mr. Rose for deposition instead. Opposing counsel responded that Plaintiffs would not withdraw their deposition notice of Mr. Stockinger. (*See* Declaration of Adler Bernard, Esq. (the "Bernard Decl."), ¶ 2(a), Exhibit A.)

## ARGUMENT

Fed. R. Civ. P. 26(c) authorizes the Court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see Bey v. City of New York*, 2007 U.S. Dist. LEXIS 76464, *2 (S.D.N.Y. Oct. 15, 2007) (Bernard Decl., Ex. B). Fed. R. Civ. P. 45(c) "provides additional protection for non-parties subject to a subpoena by mandating that a court 'quash or modify the subpoena if it . . . subjects [the] person to undue burden.'" *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003) (quoting Fed. R. Civ. P. 45(c)(3)(A)(iv)).

In analyzing a motion for a protective order, the Court should weigh the needs of the party seeking testimony against the undue hardships that would result from allowing it. If the Court finds that the undue hardships outweigh the need for testimony, it may quash the subpoena or notice of deposition or enforce it under limited terms. *See In re: Fosamax Products Liability Litigation*, 2009 U.S. Dist. LEXIS 70246, *30-31 (S.D.N.Y. Aug. 4, 2009) (Francis, M.J.) (Bernard Decl., Ex. C) (quashing third party subpoena of researcher where potential burden to witness outweighed plaintiff's need for his testimony). In evaluating proposed depositions of apex witnesses – senior management officials with limited knowledge on the subject matter of an action, and whose depositions are sought for the purpose of harassment, *see Speadmark, Inc. v Federated Department Stores, Inc.*, 176 F.R.D. 116, 117 (S.D.N.Y. 1997) – this Court has recognized that "permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation." *Consolidated Rail Corp. v. Primary Industries Corp.*, 1993 U.S. Dist. LEXIS 12600, *2-*3 (S.D.N.Y. Sept. 10, 1993) (Francis, M.J.) (Bernard Decl., Ex. D) (deferring depositions of subpoenaed executives "until it has been demonstrated that they have some unique knowledge pertinent to the issues in these cases"); *Burns, et al. v. Bank of America, et al.*, 2007 U.S. Dist. LEXIS 40037, *11-*13 (S.D.N.Y. June 4, 2007) (Francis, M.J.) (Bernard Decl., Ex. E) (denying motion to compel deposition of Bank of America general counsel where plaintiffs failed to demonstrate a need for his testimony, likelihood of harassment was significant, and plaintiffs refused to depose official with personal knowledge of the facts at issue).

Defendants respectfully submit that the Court should grant Defendants' motion for a protective order and to quash the notice of deposition pursuant to Rules 26(c) and 45(c)(3) of the Federal Rules of Civil Procedure because: (1) Mr. Stockinger does not have personal knowledge

of the facts relating to this lawsuit, and (2) the deposition would be unduly burdensome and is designed merely to harass him and Defendants.

I. **MR. STOCKINGER LACKS PERSONAL KNOWLEDGE OF THE FACTS AT ISSUE**

In order to prevent abuse and harassment of apex witnesses, Courts have consistently granted protective orders barring the depositions of apex witnesses when the apex witness lacks personal knowledge of facts relevant to the action. *Deluca v. Bank of Tokyo-Mitsubishi UFJ*, 2007 U.S. Dist. LEXIS 64807, *9-*11 (S.D.N.Y. Aug. 30, 2007) (Bernard Decl., Ex. F) (protective order granted where CEO attested by affidavit that the extent of his personal knowledge regarding the circumstances of the termination of plaintiff's employment was what he learned from company counsel); *see also Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925-26 (8th Cir. 1999) (affirming quashing of subpoena of CEO because he did not have relevant knowledge and subpoena would be burdensome); *Salter v. The Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirming protective order that quashed plaintiff's request for deposition of president of defendant in which defendant asserted that president was "extremely busy and did not have any direct knowledge of the facts").

As President and CEO of Benihana Inc., Mr. Stockinger's job is to oversee the operation of a public company with over 90 restaurants and over 6,000 employees in the United States, Latin America and the Caribbean. (Stockinger Decl., ¶ 4.) Mr. Stockinger is not involved in the day-to-day operations of the individual Haru restaurants, including the Haru Restaurant at which the named Plaintiffs are (were) employed as delivery persons. (Stockinger Decl., ¶ 5.) Mr. Stockinger, who is based in Benihana Inc.'s Miami, Florida headquarters, is not (and has not been) involved in personnel or compensation decisions concerning delivery persons at Haru, and

did not hire, supervise, pay, or create or maintain schedules or employment records for any of the named Plaintiffs (or for any of the other Haru delivery persons). (Stockinger Decl., ¶ 5.) Any knowledge Mr. Stockinger has of the underlying facts of this litigation was related to him by employees of Benihana Inc. (and/or its affiliates) and by counsel for Defendants. (Stockinger Decl., ¶ 7.)

Mr. Stockinger's attached declaration more than satisfies his burden of demonstrating a lack of relevant knowledge of the facts alleged in Plaintiffs' Second Amended Complaint. *See Bouchard v. New York Archdiocese, et al.*, 2007 U.S. Dist. LEXIS 69217, *10 (S.D.N.Y. Sept. 19, 2007) (Bernard Decl., ¶ G.) (apex witness satisfied his initial burden of demonstrating a lack of relevant knowledge through assertions in his affidavit).

## II.   PLAINTIFFS' DEPOSITION NOTICE IS DESIGNED TO BURDEN AND HARASS MR. STOCKINGER

The fact that Plaintiffs – for their very first deposition – have noticed the deposition of Defendant Benihana Inc.'s highest ranking officer instead of a witness with direct knowledge of the Plaintiffs and their allegations demonstrates that Plaintiffs' goal is to harass Mr. Stockinger and Defendants, not to ascertain relevant facts.

As the President and CEO of a public company with numerous affiliates and operations throughout the United States, Latin America and the Caribbean, Mr. Stockinger is extremely busy. (Stockinger Decl., ¶¶ 5 and 8.) The noticed deposition, which is noticed to take place in New York City, would needlessly cost Mr. Stockinger and Benihana Inc. valuable time as Mr. Stockinger would have to set aside work hours to prepare for and attend the deposition. (Stockinger Decl., ¶ 8.)

192518.3

Plaintiffs have not sought to depose lower level executives with direct knowledge of the relevant facts before seeking to depose Benihana Inc.'s President and CEO. Additionally, they have outright refused Defendants' offer to produce for deposition an alternate witness, Mr. Rose, who has personal knowledge of the relevant facts. *See Burns*, 2007 U.S. Dist. LEXIS 40037 at *14 (denying motion to compel testimony of general counsel where plaintiff could not prove that general counsel had unique knowledge of the case and "plaintiffs have not sought to question lower level corporate officials with similar knowledge before asking this Court to compel the depositions of [higher level executives]") (internal citations omitted); *Treppel v. Biovail Corp.*, 2006 U.S. Dist. LEXIS 7836, *3 (S.D.N.Y. Feb. 28, 2006) (Francis, M.J.) (Bernard Decl., Ex. H) (denying deposition of senior corporate officers because plaintiff did not explain why the noticed individuals have personal knowledge of the underlying facts and because plaintiff had not attempted to depose any lower level employees). It is clear that Plaintiffs' goal in noticing Mr. Stockinger's deposition is to create hardships for him and for Defendants, not to elicit admissible evidence.

## CONCLUSION

For the reasons set forth above, Defendants request that the Court quash the Notice of Deposition of Mr. Stockinger, grant Mr. Stockinger a protective order from Plaintiff's Notice of Deposition, and grant Defendants such other and further relief as the Court deems necessary.

Dated: New York, New York
September 10, 2010

DORNBUSH SCHAEFFER
STRONGIN & VENAGLIA, LLP

By: _____
Richard Schaeffer (RS-0019)
Adler Bernard (AB-0233)
747 Third Avenue
New York, New York 10017
212-759-3300

Attorneys for Defendants
Benihana National Corp., Benihana New York Corp, Haru Holding Corp., Haru Amsterdam Avenue Corp., Haru Gramercy Park Corp., Haru Park Avenue Corp., Haru Third Avenue Corp., Haru Too, Inc., Haru Wall Street Corp., and Benihana Inc.

192518.3