```
UNITED STATES DISTRICT COURT                      (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
GUAN MING LIN, QI LI and ZENG       : 10 Civ. 1335 (VM) (JCF)
GUAN LI, on behalf of themselves    :
and others similarly situated,      :      MEMORANDUM
                                    :      AND  ORDER
              Plaintiffs,           :
                                    :
       - against -                  :
                                    :
BENIHANA NATIONAL CORP., BENIHANA   :
NEW YORK CORP., HARU HOLDING CORP., :
HARU AMSTERDAM AVENUE CORP., HARU   :
GRAMERCY PARK CORP., HARU THIRD     :
AVENUE CORP., HARU TOO, INC., HARU  :
WALL STREET CORP., JOEL SCHWARTZ,   :
and BENIHANA INC.,                  :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

The plaintiffs, current and former delivery persons at Haru Sake Bar, a restaurant in New York City, bring this action pursuant to the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law, seeking unpaid hourly and overtime compensation and reimbursement for expenses incurred in performance of their jobs.  The parties are currently in discovery, and the defendants have filed a motion seeking a protective order to quash the plaintiffs' notice of deposition for Richard Stockinger, the current President and Chief Executive Officer of Benihana, Inc. For the reasons that follow, the defendants' motion is granted.

Background

The plaintiffs filed this putative collective action on

1

February 18, 2010, against various defendants including Richard Stockinger; however, the parties subsequently signed a stipulation voluntarily dismissing the action as against Mr. Stockinger without prejudice.  (Complaint at 1; Stipulation dated June 15, 2010).  On August 9, 2010, the plaintiffs served the defendants with a notice of deposition for Mr. Stockinger.  (Letter of Adler Bernard dated Aug. 23, 2010 ("Bernard Letter"), attached as Exh. A to Declaration of Adler Bernard dated Sept. 10, 2010).  In their opposition papers, the plaintiffs explain that they have two purposes in seeking to depose Mr. Stockinger: first, to obtain information regarding Haru restaurants' corporate structure; and second, to determine whether Mr. Stockinger falls within the FLSA's definition of an "employer" with respect to the plaintiffs.  (Plaintiff's Memorandum of Law in Opposition of Defendants' Motion for Protective Order and to Quash Notice of Deposition ("Pl. Memo.") at 1).

Upon receiving the notice of deposition for Mr. Stockinger, defendants' counsel contacted plaintiffs' counsel asking that they withdraw the notice on the grounds that Mr. Stockinger "had no direct contact with any of the named Plaintiffs, and . . . would be unable to provide Plaintiffs with information concerning any of the claims made by Plaintiffs[]."  (Bernard Letter).  Furthermore, Mr. Stockinger resides and works in Miami, Florida, and would be greatly inconvenienced by having to set aside time from his work

schedule to prepare for and attend a deposition in this matter. (Declaration of Richard Stockinger dated Sept. 8, 2010, ¶¶ 2, 8). As an alternative to Mr. Stockinger, defendants' counsel offered to make Seth Rose, Haru Holding Corp.'s Vice President of Operations, available for deposition by the plaintiffs. (Bernard Letter). Mr. Rose, who is based in New York, is "responsible for overseeing the operations of Haru restaurants" and has "knowledge relating to the facts relevant to this litigation." (Declaration of Seth Rose dated Sept. 8, 2010, ¶¶ 2-4). Plaintiff's counsel nevertheless refused to withdraw their notice of deposition for Richard Stockinger. (Bernard Letter).

As a result, the defendants filed this motion seeking to quash the notice of deposition. They argue that (1) Mr. Stockinger lacks personal knowledge of relevant facts, such as compensation and personnel decisions at the restaurant employing the plaintiffs; (2) to the extent that Mr. Stockinger possesses knowledge about Haru's corporate structure, there are other, less burdensome ways for the plaintiffs to gather this information; and (3) the plaintiffs' primary intention in seeking to depose Mr. Stockinger is to harass him. (Memorandum in Support of Defendants' Motion for Protective Order and to Quash Notice of Deposition at 5-7). In response, the plaintiffs assert that Mr. Stockinger possesses information relevant to the prosecution of their action and that they are therefore entitled to depose him. (Pl. Memo. at 1).

3

Discussion

   A. Haru's Corporate Structure

The plaintiffs first state that they wish to depose Mr. Stockinger regarding "whether the Haru restaurants operate as a joint and common enterprise." (Pl. Memo. at 1).

The Federal Rules set very liberal limits on the scope of discovery. A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Highly-placed executives are not immune from discovery. 'The fact that [an executive] has a busy schedule is simply not a basis for foreclosing otherwise proper discovery.'" Consolidated Rail Corp. v. Primary Industries Corp., No. 92 Civ. 4927, 1993 WL 364471, at *1 (Sept. 10, 1993) (quoting CBS, Inc. v. Ahern, 102 F.R.D. 820, 822 (S.D.N.Y. 1984)). Even where, as here, a high-ranking corporate officer denies personal knowledge of the issues at hand, this claim "is subject to testing by the examining party." Consolidated Rail, 1993 WL 364471, at *1.

However, discovery is not boundless, and a court can, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Likelihood of harassment and business disruption are factors to be considered in deciding whether to allow discovery of corporate executives. See General Star

Indemnity Co. v. Platinum Indemnity Ltd., 210 F.R.D. 80, 83 (S.D.N.Y. 2002) ("A court will often deny a request to depose a high ranking corporate official when lower ranking executives have access to the same information."). Where a party is unable to show that a high-ranking corporate official possesses knowledge that is both unique and relevant to the issues in the case, a court may prevent deposition of that official. Six West Retail Acquisition v. Sony Theatre Management Corp., 203 F.R.D. 98, 102 (S.D.N.Y. 2001).

    Here, the plaintiffs have failed to demonstrate a need for Mr. Stockinger's testimony, and the likelihood of harassment is significant. Mr. Stockinger has attested that he has no special personal knowledge of the facts alleged by the plaintiffs; although he has not denied having knowledge of Haru restaurants' corporate structure, the defendants have offered the testimony of Mr. Rose, a high-ranking, New York City-based executive who oversees the operations of the Haru restaurants and could undoubtedly speak to their corporate structure. The plaintiffs have not explained why Mr. Rose's testimony would be insufficient and merely reiterate their right under Rule 26 of the Federal Rules of Civil Procedure to obtain any discovery that is relevant to their case. (Pl. Memo. at 1). However, this right is not unlimited. Allowing the plaintiffs to depose Mr. Stockinger would work a measurable disruption to Mr. Stockinger's professional life while adding no

apparent value to the plaintiffs' discovery. A protective order is therefore appropriate. Should the plaintiffs find that Mr. Rose and other deponents are unable to provide sufficient detail regarding the Haru restaurants' corporate structure, or other facts relevant to this matter, they can seek to depose Mr. Stockinger at a later date.

### B. Definition of "Employer"

The plaintiffs next argue that they need to depose Mr. Stockinger in order to determine whether he qualifies as the plaintiffs' "employer" under the FLSA. They suggest that they might amend their complaint to again name Mr. Stockinger as a defendant in this action, depending on the result of their inquiry. (Pl. Memo. at 1).

This question is not an appropriate topic for discovery. The 2000 amendments to Rule 26(b) of the Federal Rules of Civil Procedure narrowed the general scope of discovery to information related to "the actual claims and defenses involved in the action." Fed. R. Civ. P. 26(b)(1) 2000 advisory committee's note (emphasis added). As the Advisory Committee on the Federal Rules of Civil Procedure stated at that time:

> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.

Id. Thus, information relating to potential claims or defenses is

not within the typical scope of discovery and can be obtained only upon a showing of "good cause." Fed. R. Civ. P. 26(b)(1). The plaintiffs have failed to state any reason why their prosecution of this lawsuit would be negatively affected by their inability to depose Mr. Stockinger. In the absence of a showing of good cause, the defendants are entitled to a protective order quashing the plaintiffs' notice of deposition for Mr. Stockinger.

Conclusion

For the reasons set forth above, the defendant's motion for a protective order (Docket no. 41) is granted and notice of deposition served on Richard Stockinger is quashed.

SO ORDERED.

*[Signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       October 5, 2010

Copies mailed this date:

C.K. Lee, Esq.
Robert L. Kraselnik, Esq.
Kraselnik & Lee, PLLC
30 East 39th Street, Second Floor
New York, New York 10018

Richard J. Schaeffer, Esq.
Adler C. Bernard, Esq.
Dornbush Schaeffer Strongin & Venaglia, LLP
747 Third Avenue
New York, New York 10017