UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------x

GUAN MING LIN, QI LI, and           :          Civil Action No.: 10-cv-1335(VM-JCF)
ZENG GUAN LI,                        :
on behalf of themselves and          :          ECF CASE
others similarly situated,           :
                                     :
                                     :
                    Plaintiffs,      :
                                     :
          v.                         :
                                     :
                                     :
BENIHANA NATIONAL CORP.,             :
BENIHANA NEW YORK CORP.,             :
HARU HOLDING CORP.,                  :
HARU AMSTERDAM AVENUE CORP.,         :
HARU GRAMERCY PARK CORP.,            :
HARU PARK AVENUE CORP.               :
HARU THIRD AVENUE CORP.,             :
HARU TOO, INC.,                      :
HARU WALL STREET CORP.,              :
JOEL SCHWARTZ, and                   :
BENIHANA INC.                        :
                    Defendants.      :

--------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND FACILITATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b) AND FOR CLASS CERTIFICATION PURSUANT TO RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................ 1

STATEMENT OF FACTS ............................................................................. 4

    A.    The Second Amended Complaint And The
        Declarations Of The Three Named Plaintiffs ........................................... 4

        1.    Minimum Wage ........................................................................ 4

        2.    Overtime Wages ....................................................................... 4

        3.    Tools of the Trade ................................................................... 4

    B.    Plaintiffs' First Motion For  Conditional
        Collective Action Certification ................................................................. 5

    C.    Declarations in Support of Plaintiffs'
        Second Motion For  Conditional Collective
        Certification and Motion For Class Certification ...................................... 8

    D.    Defendants' Policy And Practice Of Complying
        With The FLSA And The New York Labor Law ...................................... 10

ARGUMENT ........................................................................................... 11

I.    PLAINTIFFS' MOTION SHOULD BE DENIED IN ITS
    ENTIRETY AS PLAINTIFFS SEEK CONDITIONAL
    CERTIFICATION OF A COLLECTIVE ACTION AND
    CLASS CERTIFICATION OF A CLASS AND FOR
    CLAIMS NOT ALLEGED IN PLAINTIFFS' SECOND
    AMENDED COMPLAINT ................................................................. 11

II.    PLAINTIFFS HAVE FAILED TO MAKE THE "MODEST
    FACTUAL SHOWING" REQUIRED FOR CERTIFICATION
    OF A CONDITIONAL COLLECTIVE ACTION AND
    AUTHORIZATION OF A CLASS NOTICE UNDER THE FLSA ................... 13

    A.    Minimum Wage and Tip Credit Allegations ........................................... 17

    B.    Meal Credit and Spread of Hours Allegations ......................................... 22

    C.    Off-The-Clock/Overtime Allegations ..................................................... 25

**TABLE OF CONTENTS - CONTINUED**

III.   PLAINTIFFS STATE LAW CLAIMS SHOULD NOT BE
       CERTIFIED FOR CLASS TREATMENT UNDER RULE 23
       OF THE FEDERAL RULES OF CIVIL PROCEDURE ..................................... 28

       A.   Standard For Rule 23(a) Certification........................................................ 29

       B.   Plaintiffs Have Failed To Meet The
            Requirements of Rule 23(b)(3) ............................................................... 37

CONCLUSION............................................................................................................. 40

194015.4

## TABLE OF AUTHORITIES

### CASES

Alix v. Wal-Mart Stores, Inc.,
   838 N.Y.S.2d 885, 893 (Super. Ct. 2007)...............................................................42

Almeida v. Aguinaga,
   500 F. Supp. 2d 366, 369-370 (S.D.N.Y. 2007)...................................................25

Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79,
   238 F.R.D. 82, 95 (S.D.N.Y. 2006) ......................................................................38

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544, 555 (2007)......................................................................................12

Cano, et ano., v. Four M. Food Corp., et al.,
   2009 U.S. Dist. Lexis 7780, * 9 (E.D.N.Y 2009)................................................16

Castillo, et al., v. P&R Enterprises, Inc.,
   517 F. Supp. 2d 440, 446 (D.D.C. 2007)..............................................................12

Chan v. Sung Yue Tung Corp.,
   2007 U.S. Dist. Lexis 7770, * 46- 48 (S.D.N.Y. 2007).......................................20

Davis v. Abercrombie & Fitch Co.,
   2008 U.S. Dist. Lexis 86577, at *2 (S.D.N.Y. 2008) ..........................................15

Diaz v. Elc. Boutique of Am.,
   2005 U.S. Dist. Lexis 30382, at * 16-17 (W.D.N.Y. 2005) ................................28

Eng-Hatcher v. Sprint Nextel Corp.,
   2009 U.S. Dist. Lexis 127262, *15-18 (S.D.N.Y. 2009)......................................16

Flores v. Osaka Health Spa, Inc.,
   2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. 2006)...................................................16

Franklin v. Breton Int'l, Inc.,
   2006 U.S. Dist. LEXIS 88893, * 13 (S.D.N.Y. 2006)..........................................25

Gen. Tel. Co. of Sw. v. Falcon,
   457 U.S. 147, 161 (1982)................................................................................32, 34

Gordon v. Kaleida Health, et al.,
   2009 U.S. Dist. Lexis 95729 (W.D.N.Y. 2009)...................................................29

## TABLE OF AUTHORITIES-CONTINUED

### CASES

In re Fosamax Prods. Liab. Litig.,
    248 F.R.D. 389, 398-399 (S.D.N.Y. 2008).............................................................37

In re Initial Pub. Offering Sec. Litig., 4
    71 F.3d 24, 36 (2d Cir. 2006)...............................................................................32

In re Nassau County Strip Search Cases,
    461 F.3d 219, 227 (2d Cir. 2006).........................................................................41

Indergit v. Rite Aid Corp., et al.,
    2010 U.S. Dist. Lexis 60202, *11-*14 (S.D.N.Y. 2010)................................14, 15

Jermyn v. Best Buy Stores, L.P.,
    2009 U.S. Dist. LEXIS 28945, **32-33 (S.D.N.Y. 2009)....................................31

Kinzler v. New York Stock Exchange,
    53 F.R.D. 75, 77-78 (S.D.N.Y. 1971)...................................................................36

Kiobel v. Royal Dutch Petroleum Co.,
    2004 U.S. Dist. LEXIS 28812, at *17 (S.D.N.Y. 2004).......................................33

Lacombe v. SMC Communs. Of Ill, LLC,
    2010 U.S. Dist. Lexis 117807, * 5-8 (N.D. Ill. 2010)..........................................12

Laroque v. Domino's Pizza, LLC,
    557 F.Supp. 2d 346 (E.D.N.Y. 2008) ..................................................................15

Lynch v. United Servs. Auto Assn'n,
    491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)..........................................................14

Makuc v. Am. Honda Motor Co.,
    835 F.2d 389, 394 (1st Cir. 1987)........................................................................36

McBean v. City of New York,
    260 F.R.D. 120, 131 (S.D.N.Y. 2009) .................................................................31

Mendoza v. Casa De Cambio Delgado, Inc.,
    2008 U.S. Dist. Lexis 27519 (S.D.N.Y. 2008) ....................................................40

Moore v. PaineWebber, Inc.,
    306 F.3d 1247, 1252 (2d Cir. 2002).....................................................................40

Morales v. Plantworks,
    2006 U.S. Dist. Lexis 4267, * 5-6 (S.D.N.Y. 2006).............................................16

iv

## TABLE OF AUTHORITIES-CONTINUED

### CASES

Myers v. Hertz Corp.,
    624 F.3d 537, 548 (2d Cir. 2010)..............................................................41

N.J. Carpenters Health Fund v. Residential Capital, LLC.,
    *2011 U.S. Dist. LEXIS 4343, * 13 (S.D.N.Y. 2011)* ................................32

Nicholson, et ano. v. Twelfth Street Corp., et al.,
    2010 U.S. Dist. Lexis 43448, *6 (S.D.N.Y. 2010) ....................................20

Owen v. Regence BlueCross BlueShield of Utah,
    388 F. Supp. 2d 1318, 1334 (D. Utah 2005)..........................................34

Paciello v. UNUM Life Ins. Co. of Am.,
    2000 U.S. App. LEXIS 11580, * 6 (2d. Cir. 2000) ...............................37

Prizmic v. Armour, Inc.,
    2006 U.S. Dist. Lexis 42627, * 7 (E.D.N.Y. 2006) ...............................15

Seever v. Carrols Corp.,
    528 F. Supp. 2d 159, 173 (W.D.N.Y. 2007) ........................................28

Williams v. Accredited Home Lenders, Inc.,
    2006 U.S. Dist. Lexis 50653, at * 15 (N.D. Ga. 2006)..........................28

Wilson v. Toussie,
    2008 U.S. Dist. LEXIS 25469, *11  (E.D.N.Y. 2008)............................33

Zapka v. Coca-Cola Co.,
    2000 U.S. Dist. LEXIS 16552, *10 (N.D. Ill. 2000) .............................34

### statutes
29 U.S.C. § 216(b) ..............................................................................1, 5, 12, 14
29 U.S.C.§ 203(m) ........................................................................................19


### REGULATIONS
N.Y. Comp. Codes R. & Regs. Tit. 12, § 137-1.5 ............................................21

194015.4

Defendants Benihana National Corp. ("Benihana National"), Benihana New York Corp. ("BNY"), Haru Holding Corp. ("Haru Holding"), Haru Amsterdam Avenue Corp. ("Haru Amsterdam"), Haru Gramercy Park Corp. ("Haru Gramercy"), Haru Park Avenue Corp. ("Haru Park Avenue"), Haru Third Avenue Corp. ("Haru Third Avenue"), Haru Too, Inc. ("Haru Too"), Haru Wall Street Corp. ("Haru Wall Street"), and Benihana Inc. ("Benihana") (collectively, the "Defendants"), respectfully submit this memorandum of law in opposition to Plaintiffs' motion for: (a) conditional certification of Plaintiffs' FLSA claims in Plaintiffs' Second Amended Complaint as a representative collective action pursuant to 29 U.S.C. § 216(b);  and (b) certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure in connection with Plaintiffs' claims under the New York State wage and hour laws.

## PRELIMINARY STATEMENT

Plaintiffs' first motion for conditional collective certification sought conditional certification of a purported class consisting solely of delivery persons based on claims consisting solely of alleged: unpaid minimum wages; unpaid overtime; and a failure to reimburse for alleged tools of the trade.  That motion having been denied, Plaintiffs have essentially abandoned that purported class and those claims.  In the present motion, Plaintiffs seek conditional collective certification and class certification of an entirely new class (or sub-classes) with respect to entirely new claims -- none of which were ever alleged in the Second Amended Complaint or in Plaintiffs' first motion.  In doing so, Plaintiffs have disregarded the notice pleading requirements of the Federal Rules of Civil Procedure, and this Court's December 15, 2010 Decision and Order.

1

As set forth in the chart below, Plaintiffs, by way of the allegations asserted in their instant motion, improperly seek to change and expand the scope of the class of purportedly similarly situated employees to include current and former: (a) tipped employees at the six New York City area Haru Restaurants - Haru Amsterdam, Haru Gramercy, Haru Park Avenue, Haru Third Avenue, Haru Too, and Haru Wall Street (collectively, the "Haru Defendants"); (b) employees of those Restaurants who were paid the minimum wage; and (c) employees who were allegedly assessed a meal credit.  In addition, as illustrated in the below chart, Plaintiffs are now seeking conditional collective action certification and class certification for claims that were not pled or even mentioned in Plaintiffs' Second Amended Complaint.

| | SECOND AMENDED COMPLAINT | PLAINTIFFS' FIRST MOTION FOR CONDITIONAL CERTIFICATION | PLAINTIFFS' SECOND MOTION FOR CONDITIONAL CERTIFICATION |
|---|---|---|---|
| **CLASS** | All delivery personnel employed by Haru Too during the period from February 18, 2004 through the present. | All delivery personnel employed by the Haru Defendants during the period from February 18, 2004 through the present. | All of the Haru Defendants' employees, working during the period from February 18, 2004 through the present, who fall into any of the following categories:<br><br>1. Tipped employees (including delivery persons, servers, runners, bussers, bartenders and barbacks)<br><br>2.  Employees who were paid the minimum wage; or<br><br>3. Employees who were allegedly assessed a meal credit. |
| **CLAIMS** | 1. Defendants failed to pay the appropriate federal and state minimum wages;<br><br>2. Defendants failed to pay overtime wages;<br><br>3. Defendants failed to reimburse delivery personnel their alleged costs relating to purported tools of the trade. | 1. Defendants failed to pay the appropriate federal and state minimum wages;<br><br>2. Defendants failed to pay overtime wages;<br><br>3. Defendants failed to reimburse delivery personnel their alleged costs relating to purported tools of the trade. | 1. Defendants improperly took a tip credit against Plaintiffs' wages;<br><br>2. Defendants failed to pay spread of hours premium pay;<br><br>3. Defendants improperly took a meal credit against Plaintiffs' wages; and<br><br>4. Defendants required Plaintiffs to perform off-the-clock work. |

194015.4

For this reason alone, Plaintiffs motion must be denied in its entirety.

In addition, Plaintiffs have failed to make the modest factual showing required before a collective action may be conditionally certified. Plaintiffs have not provided declarations from, or even identified, any individuals employed at the Haru Restaurants who are similarly situated. Instead, they rely solely on their own conclusory and (contradictory) Declarations, the vague and wholly conclusory allegations in the Second Amended Complaint, and certain statements made during the depositions of named Plaintiff Guan Ming Lin, and of Seth Rose - Defendant Haru Holding Corp.'s Vice President of Operations. Moreover, the named Plaintiffs have failed to allege facts establishing the requisite factual nexus between their claims and purported injuries, and the treatment of other employees of the Haru Defendants. Therefore, they have failed to make the necessary factual showing required to conditionally certify a collective action.

It follows that, Plaintiffs' conclusory and confusing allegations are insufficient to meet the higher standard for class certification required under Rule 23. Specifically, Plaintiffs have failed to meet the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and Rule 23(b)(3)'s requirement that the evidence presented establish that there are questions of law or fact common to the putative class members and that a class action is the superior method for adjudicating Plaintiffs' claims. In fact, with respect to each of Plaintiffs' New York State wage and hour claims, Plaintiffs have failed to properly allege any facts to meet the commonality and typicality requirements of Rule 23(a). Therefore, for the reasons set forth more fully below, Plaintiffs' motion for conditional certification, notice and class certification should be denied.

194015.4

## STATEMENT OF FACTS

### A.  The Second Amended Complaint And The Declarations Of The Three Named Plaintiffs

Plaintiffs' Second Amended Complaint, and the Declarations submitted by named Plaintiffs Guan Ming Lin, Qi Li, and Zeng Guan Li in support of Plaintiffs' first motion for conditional certification set forth conclusory allegations for alleged unpaid minimum wages, overtime and reimbursement for alleged costs relating to purported tools of the trade under the FLSA and the New York Labor Law.  Specifically, Plaintiffs allege that:

1. **Minimum Wage** - Haru Too failed to pay Plaintiff Guan Ming Lin, and other purportedly similarly situated employees, the appropriate minimum wage in alleged violation of the FLSA and New York Labor Law. (Second Amended Complaint, ¶¶ 27, 32.)  Specifically, Plaintiff Guan Ming Lin states that he was paid a wage below the minimum wage and that he "observed that other employees did work that was the same or similar to the work I did.  I also observed that these employees were paid a base salary which was less than minimum wage…" (Guan Ming Lin First Conditional Certification Declaration, ¶¶ 2 and 4, underscoring added.)  In stark contrast, named Plaintiffs Qi Li and Zeng Guan Li do not allege that Defendant Haru Too paid them wages below the statutory minimum.  In fact, they concede that they were paid a direct hourly wage in excess of the minimum wage.  (Qi Li First Conditional Certification Declaration, ¶ 2; Zeng Guan Li First Conditional Certification Declaration, ¶ 2.)

2. **Overtime Wages** - Haru Too, in alleged violation of the FLSA and New York Labor Law, failed to pay Plaintiff Qi Li and other purportedly similarly situated employees their appropriate overtime wages (Second Amended Complaint ¶¶ 26, 35, 44, 47, 50, 60; Plaintiff Qi Li's First Conditional Certification Declaration, ¶¶ 3 and 4.)  Similar to Plaintiffs' minimum wage claim, only one of the named Plaintiffs - Qi Li - alleges that he was not paid his appropriate overtime wages.

3. **Tools of the Trade** - Haru Too, in alleged violation of the FLSA and New York Labor Law, failed to reimburse Plaintiffs, and other similarly situated employees their expenses purportedly incurred in connection with such Plaintiffs' maintenance and operation of "tools of the trade." (Second Amended Complaint, ¶¶ 28, 45, 48, 51 and 59; Guan Ming Lin First Conditional Certification Declaration, ¶¶3 and 4; Qi Li First Conditional Certification Declaration, ¶5; and Zeng Guan Li First Conditional Certification Declaration, ¶3.)

194015.4

<u>Defendants</u>

Defendants Benihana, Benihana National and BNY are Delaware corporations with executive offices located at 8685 NW 53rd Terrace, Miami, Florida. (Second Amended Complaint, ¶¶ 8 and 9.) Defendant Haru Holding is a Delaware corporation with an office located at 355 West 36th Street, New York, New York. (Second Amended Complaint, ¶ 8.) Benihana is a publicly-held company. (Second Amended Complaint, ¶ 9.) Benihana National is a wholly owned subsidiary of Benihana, and is also the direct corporate parent of BNY and Haru Holding Corp.

Defendants Haru Amsterdam, Haru Gramercy, Haru Park Avenue, Haru Third Avenue, Haru Too, and Haru Wall Street are wholly-owned subsidiaries of Defendant Haru Holding Corp., and each of the Haru Defendants owns and operates a Haru restaurant in New York City.

## B. Plaintiffs' First Motion For Conditional Collective Action Certification

On August 9, 2010, Plaintiffs moved for (i) conditional certification of their FLSA claims as a representative collective action pursuant to 29 U.S.C. § 216(b), (ii) court-facilitated notice of their FLSA claims, and (iii) approval of their proposed FLSA notice. (Docket Entry No. 35.) As set forth in the Court's December 15, 2010 Decision and Order adopting Magistrate Judge James Francis IV's November 9, 2010 Report and Recommendation, Plaintiffs' Second Amended Complaint and their motion for collective action certification of their FLSA claims notified Defendants that Plaintiffs sought recovery:

(a) For Defendants' purported failure to

    (i)     Pay overtime wages;
    (ii)    Pay minimum wages; and
    (iii)   Reimburse Plaintiffs for expenses relating to their tools of the trade.

(b) On behalf of themselves and other purportedly similarly situated current and former delivery persons employed by Haru Too.

<u>Report and Recommendation</u>, pp. 1 – 5.

The Court denied Plaintiffs' motion for conditional collective action certification for each of Plaintiffs' FLSA claims. Specifically, with respect to Plaintiffs' <u>minimum wage claim</u>, the Court found, among other things, that:

> Mr. Lin provides even less information about other employees whom he states he has observed being paid a base salary below the minimum wage. It is unclear who they are, what their base salary is, whether they are delivery persons or even tipped employees, or whether they work for Haru Too or another of the Haru Restaurants. Mr. Lin's allegations are thus too conclusory to establish the requisite factual nexus with other members of the putative collective action. <u>The plaintiffs' failure to provide affidavits from any other employee who allege they were paid below the minimum wage, in combination with the fact that both Qi Li and Zeng Guan Li are paid in excess of the minimum wage, further undermines the plaintiffs' allegation that the Restaurants have a common policy of violating minimum wage laws.</u> Because Mr. Lin has failed to adequately allege that he is similarly situated to other delivery persons at Haru Too or the other Haru Restaurants, with respect to his minimum wage claim, collective action certification with respect to that claim would be inappropriate.

<u>Report and Recommendation</u>, p. 10 (underscoring added). The same is true with respect to the present motion. Mr. Lin's allegations are conclusory, and they establish that he is, in fact, not similarly situated even to the other named Plaintiffs who are paid more than minimum wage. In addition, Mr. Lin has still failed to provide "affidavits from any other employees who allege they were paid below the minimum wage." <u>Id.</u>

As for Plaintiffs' <u>overtime claim</u>, the Court held that "…neither Qi Li nor either of the other plaintiffs states in his declaration that he is aware of other employees at any

6

of the Haru restaurants who have not been paid proper overtime wages.  The plaintiffs have thus failed to allege the requisite factual nexus between Qi Li's unpaid overtime claim and the treatment of other employees of Haru Too or the Haru restaurants."  Report and Recommendation, p. 11.  In the present motion, Plaintiffs have once again failed to identify other individuals - - let alone submit affidavits from them - - who have not been paid proper overtime wages.

With respect to Plaintiffs' tools of the trade and uniform claims (which Plaintiffs have abandoned in their instant motion) the Court, in holding that plaintiffs failed to establish that they are similarly situated to other employees of the Haru Defendants, held that:

> Plaintiffs have again failed to present their allegations with sufficient specificity to satisfy even the modest requirements of the collective action standard…The plaintiffs' omissions are equally problematic with respect to their tools of the trade claim: they do not state the amount of money they expend on purchasing and maintaining their vehicles, nor do they state whether these costs infringe on their wages so as to reduce them below the minimum threshold.
>
> Plaintiffs also provide no details regarding the "other employees" they have observed beyond the conclusory statements in their own declarations - - the names, wage rates, and tools of the trade expenditure of these employees are unknown and plaintiffs have failed to submit declarations from any non-plaintiffs stating the amount of their expenses or the impact of those expenses on their wages.  Moreover, it is highly unlikely that such expenses would be uniform throughout the proposed plaintiff class…As a result of these inconsistencies it would be inappropriate to speculate as to the expenses and resulting wage calculations of other employees of Haru Too or the Haru Restaurants.

Report and Recommendation, pp. 15-16 (underscoring added).

As set forth more fully below, Defendants respectfully submit that, even after Defendants provided Plaintiffs with the names, last known addresses and telephone numbers of all delivery persons employed by Haru Too within the last three years, as

7

directed by the Court, Plaintiffs have failed to remedy, let alone address, the deficiencies in their current pleadings.  In fact, Plaintiffs, in their instant motion - - alleging new allegations of Defendants' purported violations and an expanded group of purportedly similarly situated employees - - have only repeated their pattern of failing to meet the minimum standard required for conditional collective action certification, and the more stringent requirements for class certification.

### C.  Declarations in Support of Plaintiffs' Second Motion For Conditional Collective Certification and Motion For Class Certification

In their present motion, Plaintiffs raise entirely new claims that were never asserted in the Second Amended Complaint or even in their first motion for conditional collective certification.  For example, Plaintiffs allege for the first time that, with respect to some of them, Defendants took an improper tip credit, failed to pay spread of hours premium pay, improperly took a meal credit, provided inadequate wage statements, and maintained inadequate records.  In fact, the words "tip credit," "spread of hours," "meal credit," "wage statement," and "record keeping" do not even appear in the Second Amended Complaint.  As for their unpaid overtime claim, in the present motion Plaintiffs assert an entirely new theory of recovery - - that they were allegedly required to clock-out early - - which was also never mentioned in the Second Amended Complaint or in their first motion.

Additionally, similar to the Declarations annexed to Plaintiffs' first motion for conditional collective certification, the new allegations set forth in the Declarations annexed to the instant motion are wholly unsubstantiated and conclusory.  Specifically, Plaintiffs allege for the first time that:

194015.4

(1) **Minimum Wage/Tip Credit**:  Haru Too allegedly failed to properly inform Plaintiff Guan Ming Lin and other unidentified yet purportedly similarly situated employees that a tip credit would be taken against their wages, and failed to inform such individuals of the federal and New York State minimum wage.  Specifically, Plaintiff Lin alleges that, " I was never informed by Defendants that they were taking a tip credit against my hourly wage.  Moreover, I was never informed nor given notice as to what the minimum wage was by Defendants," and "I was never informed the amount of tip credit taken with respect to any payment period during the period of my employment."  (Guan Ming Lin Second Conditional Cert. Decl., ¶¶ 2-3; Moving Br. pp., 9-12.)  However, Plaintiffs Qi Li and Zeng Guan Li do not make any allegations concerning Haru Too's failure to inform them of the appropriate minimum wage or of improperly taking a tip credit against their wages.

(2) **Spread Of Hours**:  Haru Too allegedly failed to pay Plaintiff Guan Ming Lin, and other unidentified yet purportedly similarly situated employees, spread of hours premium pay during the period of their employment.  (Guan Ming Lin Second Conditional Cert. Decl., ¶ 4; Moving Br. pp., 14 – 16.)  Again, similar to Defendants' purported minimum wage/tip credit violation, Plaintiff Guan Ming Lin is the only named Plaintiff making a claim for Defendant Haru Too's purported failure to pay him a spread of hours premium.

(3) **Meal Credit**:  Haru Too improperly took a meal credit against Plaintiffs' wages and the wages of other unidentified yet purportedly similarly situated employees.  Specifically, Plaintiffs allege that:
- Defendants never informed Plaintiffs "…that Defendants were taking a meal credit and deducting a meal credit…"
- "Meal provided by Defendants did not include eggs, meat, fish or poultry;" and
- "…the amount of the meal credit taken by Defendants exceeded the fair value of cost of such meals."

(Guan Ming Lin Second Conditional Cert. Decl., ¶¶ 5-6; Qi Li Second Conditional Cert. Decl., ¶¶ 3 – 4; Zeng Guan Li Second Conditional Cert. Decl., ¶¶ 3- 4; Moving Br. pp., 16 – 17.)

(4) **Off-The-Clock Work/Overtime**:  Haru Too allegedly required Plaintiffs to complete late night deliveries after Plaintiffs had clocked–out of work.  Specifically, Plaintiffs allege that "…near the end of my shift, I would be asked to clock-out before setting out to make my last delivery order."  (Guan Ming Lin Second Conditional Cert. Decl., ¶ 7; Qi Li Second Conditional Cert. Decl., ¶ 5; Moving Br. pp., 17-18.)

9

D.    **Defendants' Policy And Practice Of Complying
With The FLSA And The New York Labor Law**

Since on or about August 9, 2010, the parties have exchanged a voluminous

number of documents in furtherance of their discovery obligations.  Such documents

include, among others, copies of the named Plaintiffs':  employment files, pay stubs, IRS

Form 4070s (Employee's Report of Tips to Employer), and Plaintiffs' signed

acknowledgments of their review of Haru Too's Employment Guide and tip credit

procedure (Haru Holding Employee Acknowledgement of Tip Credit form).[1]  These

documents, coupled with the depositions of Seth Rose and Plaintiff Guan Ming Lin, and

the affidavit of Sharon Rose, Defendant Benihana Inc.'s Tax Director, establish that

Defendants, including Haru Too, do not have a scheme, policy or practice of violating the

FLSA or the New York State Labor Law.

Specifically, the evidence clearly establishes that Haru Too, among other things,

did inform Plaintiff Guan Ming Lin and all of its food service employees of Haru Too's

right to take a tip credit.  (Schaeffer Declaration, Exhibit B.)  The evidence further

establishes that Haru Too is <u>not</u> taking a meal credit (i.e., reducing employees' wages in

the amount of the value of the meal provided.)  The Haru Defendants provide meals to

their employees, including the plaintiffs, at no charge.  (Rose Affidavit, ¶ 5.)

As for Plaintiffs' off-the-clock/overtime and spread of hours allegations, as set

forth more fully below, Plaintiffs have failed to identify, by way of affidavits from

---

[1]    Representative copies of paystubs for Plaintiff Guan Ming Lin are annexed to the Declaration of
Richard Schaeffer (the "Schaeffer Declaration") as Exhibit A.  Signed copies of Mr. Lin's acknowledgment
of Haru Too Inc.'s tip credit procedure - - Haru Holding Employee Acknowledgement of Tip Credit forms
are annexed to the Schaeffer Declaration as Exhibit B.  A copy of Mr. Lin's Haru Too Inc's Employment
Guide acknowledgment form is annexed as Exhibit C to the Schaeffer Declaration.  And, representative
copies of Plaintiff Guan Ming Lin's IRS Form 4070 are annexed as Exhibit D.

putative members of a collective action and class action, a practice, policy or scheme of Defendants that is in violation of the FLSA and New York Labor Law.

## ARGUMENT

**I.  PLAINTIFFS' MOTION SHOULD BE DENIED IN ITS ENTIRETY AS PLAINTIFFS SEEK CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION AND CLASS CERTIFICATION OF A CLASS AND FOR CLAIMS NOT ALLEGED IN PLAINTIFFS' SECOND AMENDED COMPLAINT**

Plaintiffs' motion and the Declarations annexed to the instant motion, contain allegations and theories for recovery that were not set forth as claims in Plaintiffs' Second Amended Complaint.[2] In addition, Plaintiffs, for the first time since filing the Second Amended Complaint, now seek to conditionally certify a class (or sub-classes) to include current and former: (a) tipped employees (including delivery persons, servers, runners, bussers, bartenders and barbacks) employed by the Haru Defendants; (b) employees of the Haru Defendants who were paid the minimum wage; and/or (c) employees of the Haru Defendants who were allegedly assessed a meal credit.

As set forth in greater detail above (p. 4) Plaintiffs' Second Amended Complaint notified Defendants that Plaintiffs sought recovery on behalf of themselves, and other purportedly similarly situated current and former delivery persons employed by Haru Too, for damages incurred as a result of Defendants' purported failure to: (a) pay overtime wages; (b) pay minimum wages; and (c) reimburse Plaintiffs for expenses relating to their tools of the trade. Report and Recommendation, pp. 1 – 5.

---

[2]     It is important to note that the Second Amended Complaint is, in fact, the third pleading filed by Plaintiffs. Allegations pertaining to non-delivery employees, alleged "off the clock" work, meal credits, and spread of hours were never included in either the original Complaint or the Amended Complaint previously filed in this action. Even though this action has been pending since February 18, 2010, such allegations have never been pled by Plaintiffs.

194015.4

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In addition, it is fundamental pleading practice that a party cannot seek recovery for a claim that is not asserted in their complaint. Logically, so as not to prejudice a defendant, a party cannot seek relief from a court, including conditional certification of a collective action, based on claims that have not previously been asserted in the complaint. See Clarke v. JP Morgan Chase Bank, NA, 2010 U.S. Dist Lexis 33264, *40 (S.D.N.Y.) (stating that, in connection with plaintiff's motion for summary judgment, "[b]ecause a failure to assert a claim until the last minute will inevitably prejudice the Defendant, courts in this District have consistently ruled that 'it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment.'"); Castillo, et al., v. P&R Enterprises, Inc., 517 F. Supp. 2d 440, 446 (D.D.C. 2007) (denying a motion to certify a class of the defendants' employees in the "Metro-DC area" when the plaintiff's complaint purported to be on behalf of employees only within the District of Columbia); See also, Lacombe v. SMC Communs. Of Ill, LLC, 2010 U.S. Dist. Lexis 117807, * 5-8 (N.D. Ill. 2010) (declining to permit discovery – which was intended as a prelude to a motion pursuant to FLSA § 216(b) – regarding defendant employer's alleged omission of bonuses from their employees' regular rate of pay, when the only FLSA violation that had been alleged in the complaint related to overtime pay owed to employees who had been improperly characterized as independent contractors).

194015.4

Plaintiffs are seeking conditional collective certification and class certification with respect to claims that have never been plead and on behalf of a class (or sub-classes) that have never been alleged. Plaintiffs' Second Amended Complaint contains no allegations whatsoever that provide Defendants with notice that: (1) the purported class of similarly situated employees includes all tipped employees (delivery persons, servers, runners, bussers, bartenders and barbacks), all minimum wage employees, and/or all employees subjected to a meal credit by the Haru Defendants; or that (2) Plaintiffs' claims for recovery are for Defendants' purported violation of the FLSA and the New York Labor law as the laws apply to (a) tip credit allowances, (b) payment of a spread of hours premium pay, (c) meal credit allowances, and (d) off-the-clock work. Therefore, Plaintiffs' motion should be denied in its entirety as Plaintiffs have improperly moved to conditionally certify a collective action and a class action based on claims not asserted in the Second Amended Complaint and on behalf of a purported class (or subclasses) not asserted in the Second Amended Complaint and for which Plaintiffs have failed to provide notice to Defendants that such parties would be a part of the instant litigation.

## II.    PLAINTIFFS HAVE FAILED TO MAKE THE "MODEST FACTUAL SHOWING" REQUIRED FOR CERTIFICATION OF A CONDITIONAL COLLECTIVE ACTION AND AUTHORIZATION OF A CLASS NOTICE UNDER THE FLSA

Even if the allegations in Plaintiffs' Second Amended Complaint had put Defendants on notice of the new claims and class (or sub-classes) alleged in Plaintiffs' second motion for conditional certification - - which they do not - - Plaintiffs' motion should still be denied in its entirety as Plaintiffs have failed to make the modest factual showing required for conditional certification of a collective action. As set forth in this

194015.4

Court's Report and Recommendation (p. 6), Section 216(b) of the FLSA authorizes a court to conditionally certify a class of plaintiffs and permit the mailing of court-authorized notice to potential opt-in plaintiffs when representative plaintiffs have demonstrated that "the proposed members of the collective action are 'similarly situated.' 29 U.S.C. § 216(b)." See also, Indergit v. Rite Aid Corp., et al., 2010 U.S. Dist. Lexis 60202, *11-*14 (S.D.N.Y. 2010); Lynch v. United Servs. Auto Assn'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).  In order to satisfy the "similarly situated" standard, a representative plaintiff must make a "'modest factual showing' that [plaintiff] and the other putative collective action members 'were victims of a common policy that violated the law.'" Indergit, 2010 U.S. Dist. Lexis at * 12  (internal citations omitted) (underscoring added).  This requirement will only be met when the named plaintiffs have set forth factual allegations, not conclusory or uncorroborated allegations, demonstrating a factual nexus between their grievances and those of the potential opt-in plaintiffs with respect to their employer's purported violation of the FLSA.  See Report and Recommendation, p. 6; see also, Davis v. Abercrombie & Fitch Co., 2008 U.S. Dist. Lexis 86577, at *2 (S.D.N.Y. 2008) (stating that the named plaintiff has made a "modest factual showing" when the plaintiff "has offered 'substantial allegations of a factual nexus between plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation.'" (underscoring added) (internal citations omitted); Prizmic v. Armour, Inc., 2006 U.S. Dist. Lexis 42627, * 7 (E.D.N.Y. 2006) (stating that a named plaintiff "must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations.")

14

In considering a motion for conditional certification, courts in this Circuit will examine the plaintiff's own pleadings and declarations, and the declarations of other potential opt-in plaintiffs.  See Report And Recommendation, p. 6 (for the proposition that "[i]n making this showing [establishing a factual nexus of similarly situated putative class members], plaintiffs can rely on the pleadings, but only as supplemented by other evidence, such as affidavits from named plaintiffs, opt-in plaintiffs, or other putative collective action members (brackets added);" Laroque v. Domino's Pizza, LLC, 557 F.Supp. 2d 346 (E.D.N.Y. 2008) (limiting conditional certification to include a class of delivery persons at one Domino's Pizza restaurant -- as representative plaintiffs, by way of their pleadings and affidavits from named and potential opt-in plaintiffs all from the same Dominos Pizza restaurant, failed to allege any facts justifying the certification of a class to include delivery persons from five of defendants' other local-area restaurants); Indergit, 2010 U.S. Dist. Lexis at * 12; Cano, et ano., v. Four M. Food Corp., et al., 2009 U.S. Dist. Lexis 7780, * 9 (E.D.N.Y 2009); Flores v. Osaka Health Spa, Inc., 2006 U.S. Dist. LEXIS 11378 (S.D.N.Y. 2006) (denying plaintiff's motion for conditional certification of a class for failing to make a "modest showing" that she and the potential opt-in plaintiffs were victims of a common policy); Morales v. Plantworks, 2006 U.S. Dist. Lexis 4267, * 5-6 (S.D.N.Y. 2006) (denying plaintiffs' motion to proceed as a collective action as plaintiffs' affidavits and exhibits, "contain no reference to any Plantworks employee other than plaintiffs, and they make no allegations of a common policy or plan to deny plaintiffs overtime.  The only additional support for plaintiffs' claim that they are similarly situated to other Plantworks' employees comes from their conclusory allegation in the amended complaint that 'there are over 20 current and

former employees that are similarly situated to Plaintiffs and have been denied minimum wage and overtime compensation while working for Defendants.'"); Eng-Hatcher v. Sprint Nextel Corp., 2009 U.S. Dist. Lexis 127262, *15-18 (S.D.N.Y. 2009) (denying plaintiff's motion for conditional certification of a collective action where plaintiff failed to provide affidavits from any other employees to corroborate her claims).

Here, Plaintiffs have once again failed to meet the "modest factual showing" standard required by courts in this Circuit.  Plaintiffs' Second Amended Complaint does not include any non-conclusory factual allegations that demonstrate that the named Plaintiffs, and the other putative collective action members, were similarly situated to each other or to any of the other putative potential class members.  Similar to the Court's Report and Recommendation, and the holding in Eng-Hatcher, Plaintiffs have failed to even identify - - let alone provide affidavits  from - - anyone other than the three named Plaintiffs, all of whom worked at the same Restaurant.  They do not provide declarations from any other member of the purported class of similarly situated employees at Haru Too or the other Haru restaurants.  Instead, they rely solely on the vague and conclusory allegations in the Second Amended Complaint and Declarations annexed to Plaintiffs' first motion for conditional collective certification (which again assert different claims and an alleged class (or sub-classes) than are set forth in the instant motion), the deposition of Seth Rose and Plaintiffs' Second Conditional Certification Declarations.

The Second Amended Complaint contains nothing more than unsupported, general conclusory allegations that Defendants had a policy or practice of not paying Plaintiffs, and other purportedly similarly situated employees, the appropriate minimum and overtime wages, and of not reimbursing Plaintiffs and other purportedly similarly

situated employees for purported tools of the trade.  Plaintiffs' First Conditional Certification Declarations actually contradict those allegations.  As for the Declarations annexed to the instant motion, they do not even relate to, let alone support, the allegations set forth in the Second Amended Complaint.  Furthermore, Plaintiffs' present motion and the Second Conditional Certification Declarations suffer from the same deficiencies noted in the Court's <u>Report and Recommendation</u> (pp. 8 – 16) including: (a) a failure to set forth factual allegations with sufficient specificity to Plaintiffs' claims; (b) a failure to set forth facts supporting the finding of a factual nexus between Plaintiffs' purported injuries and the injuries suffered by the purportedly similarly situated employees; and (c) a failure to identify a pattern or practice of Defendants for violating the FLSA and the New York Labor Law.  Therefore, Plaintiffs' pleadings, along with the documentary and testimonial evidence produced during discovery do not meet the modest factual showing standard required for conditional collective action certification of Plaintiffs' FLSA and New York Labor Law claims.

### A.  Minimum Wage and Tip Credit Allegations

Plaintiffs have again failed to demonstrate that Defendants had a policy or practice of violating the FLSA and New York State Labor Law as those laws apply to Plaintiffs' minimum wage claims.  Specifically, Plaintiffs have failed to set forth allegations that warrant conditional collective certification of their claims that Defendants: (a) did not comply with the requirements of the FLSA and the New York Labor Law for taking a tip credit against the wages of certain employees and, therefore, failed to pay such individuals the required minimum wage; (b) failed to furnish employees with adequate wage statements; and (c) failed to maintain records of the tips

17

received by employees.  The Declarations show that not even the named Plaintiffs are similarly situated.  In fact, two of the three named Plaintiffs admit in their First Conditional Certification Declarations that they were paid direct wages in excess of the minimum wage and thus were not subjected to a tip credit.  (See, First Conditional Cert. Decl. of Qi Li, ¶ 2; First Conditional Cert. Decl. of Zeng Guan Li, ¶ 2.)  In addition, Plaintiffs' Second Amended Complaint and Guan Ming Lin's Declarations do not identify a single purportedly similarly situated employee who was also a purported victim of Defendants' alleged policy of not paying appropriate straight-time wages or of improperly taking a tip credit.  Furthermore, the documentary evidence produced during discovery clearly demonstrates that there was no common policy of not paying Plaintiffs (or any of the purportedly similarly situated employees) at least the minimum wage, and that Defendants properly informed their employees of the tip allowances taken against their minimum wage, and maintained records of the tips Plaintiffs claimed to have received.

Plaintiff Guan Ming Lin's own deposition testimony further establishes that Defendants did not have a policy or practice of failing to pay the appropriate minimum wage, and that Plaintiffs were informed of Haru Too's right to take a tip credit against the wages of tipped employees.  During Defendants' November 16, 2010 deposition of Plaintiff Guan Ming Lin, Mr. Lin was unable to identify a single purportedly similarly situated employee.  Plaintiff Guan Ming Lin stated that:

> Q:   Did you – did you ever have discussions with your fellow employees at
>        Haru about the hourly wage rate that people were being paid?
> A:   Yes
> Q:   And who did you have those discussions with?
> A:   My own restaurant.
> Q:   Yes.  And who at your own restaurant did you speak with?

A:      These people that came together.
Q:      What are the names of these people?
A:      I don't know their names.  I only know him as Ati.
Q:      And did Ati work at the restaurant?
A:      Yes
Q:      Was he a delivery Person?
A:      Yes.
Q:      And did he make the same hourly wage rate that you made or a different
        hourly wage rate?
A:      Different.
Q:      And did he make a larger hourly wage rate or a smaller hourly wage rate?
A:      Higher.
Q:      Okay.  And do you remember what his hourly wage rate was?
A:      Approximately $7.5

(Lin Dep. 82:8 – 83:13. A copy of Guan Ming Lin's deposition transcript is annexed as

Exhibit B to the Declaration of C.K. Lee.)

As noted by the Court in the Report and Recommendation (pp. 8-9), under the

FLSA and New York Labor Law, Defendants are entitled to take a tip credit toward the

minimum wage and thus pay tipped employees, including food delivery persons, less than

the full statutory basic minimum hourly wage.   In order to validly take a tip credit, an

employer, in accordance with 29 U.S.C.§ 203(m), is simply required to "notify

employees of the law regarding minimum wages and of the employer's intention to take

the tip credit, and [the employer] must permit employees to retain all tips they receive."

Nicholson, et ano. v. Twelfth Street Corp., et al., 2010 U.S. Dist. Lexis 43448, *6

(S.D.N.Y. 2010); Chan v. Sung Yue Tung Corp.,  2007 U.S. Dist. Lexis 7770, * 46- 48

(S.D.N.Y. 2007).  Employers in the State of New York who have complied with the

aforementioned tip credit provisions are permitted to pay such tipped employees a base

rate of no less than $4.65 per hour, "provided that the tips of such workers, when added

to such cash wages, are equal to or exceed $7.25 per hour." N.Y. Comp. Codes R. &

Regs. Tit. 12, § 137-1.5.

194015.4

The evidence annexed to Plaintiffs' Moving Brief, along with the deposition testimony of Seth Rose and Guan Ming Lin clearly establish that Haru Too did notify its employees of Haru Too's right to take a tip credit against the wages of its tipped employees, and that if the employee was being paid a wage that was less than the federal or New York State minimum wage, that Haru Too was taking a tip credit against their wages. The evidence presented in this case clearly demonstrates, among other things, that: (a) Haru Too's tipped employees are informed of the current federal and state minimum wage by way of various wage and hour posters on display in the Restaurant (Rose Dep. 112:8); (b) tipped employees are presented with the aforementioned Haru Holding Employee Acknowledgment of Tip Credit form and are instructed that they are allowed to do whatever they want with their tips; and (c) if any employee needs to have any form or document translated into a language they are more comfortable with, there are individuals on site who are able to translate such information if requested (Rose Dep. 151:2 – 7). [3]

Annexed as Exhibit C to the Declaration of C.K. Lee in support of the instant motion, are signed copies of two of Plaintiff Guan Ming Lin's Employee Acknowledgement of Tip Credit forms. Similar to the form signed by all of Haru Too's tipped employees, the forms signed by Mr. Lin inform him of Section 203(m) of the FLSA and of Haru Too's right to take a tip credit against his wages. During his November 16, 2010 deposition, Mr. Lin acknowledges previously being presented with

---

[3]  In the Motion, Plaintiffs argue that the written notice they received was ineffective because it was not translated into Chinese. However, such a claim is questionable given that the First Declarations submitted by the Plaintiffs (in support of their First Motion for Conditional Class Certification) were in English with no translation provided.

the forms and that he did sign his name and make other notations on the forms.

Specifically, Plaintiff Guan Ming Lin testified that:

> Q:  Mr. Lin, do you have Lin Exhibit 76 [one page document entitled Haru
>      Holding Employee Acknowledgement of Tip Credit dated July 20, 2004]
>      in front of you?
> A:  Yes.
> Q:  And does it bear your signature?
> A:  Yes.
> Q:  And did you sign the original of this document, Lin Exhibit 76, on July 20,
>      2004?
> A:  Yes
>                  ****
> Q:  Did you write the words "Haru Bar" on there?
> A:  Yes.
> Q:  Did you print your name under where you had signed your name?
> A:  Yes.

(Lin Dep. 73:15 – 23; 74:2 – 7 (brackets added).)

In addition, contrary to Plaintiffs' allegations, the wage statements provided to

Plaintiffs do list the tip income earned by Plaintiffs, and are in accordance with the New

York Labor Law.  See Schaeffer Declaration, Exhibit A.  Such wage statements also

state, in capital letters, that, "IF YOU ARE PAID LESS THAN THE STATE OR

FEDERAL MINIMUM WAGE, THE TIP CREDIT APPLICABLE IN YOUR STATE

IS TAKEN."  Also, Defendants' maintain proper records of the tips received by

Defendants' employees, including delivery personnel, in accordance with the New York

Labor Law.  Such records include the IRS Form 4070 that is completed by Defendants'

employees and documents the amount of tips received by such employees on a bi-weekly

basis, and the employee's paystubs that list the total amount of tips the employee has

claimed to have earned during a given pay period.  See Schaeffer Declaration, Exhibits

A and D.

Therefore, Defendants respectfully submit that with respect to Plaintiffs' minimum wage claims, Plaintiffs have failed to establish a factual nexus between their grievances and those of the potential opt-in plaintiffs, and that Defendants have a policy, scheme or practice of violating the FLSA or New York Labor Law.

B.   **Meal Credit and Spread of Hours Allegations**

With respect to Plaintiffs' meal credit and spread of hours allegations, as set forth more fully above (pp. 11 to 13), these allegations are not properly before the Court as they were not pled (or even mentioned in any way) in Plaintiffs' Second Amended Complaint.  In any event, if the Court elects to consider this portion of Plaintiffs' motion, Defendants respectfully submit that Plaintiffs have failed to make a modest factual showing that they are similarly situated to one another, let alone other employees employed by Haru Too and the other Haru Defendants, and that Defendants have a pattern or practice of violating the FLSA and the New York Labor Law.

Plaintiffs' Conditional Certification Declarations state, in a conclusory manner, that Defendants unlawfully took a meal credit against the wages paid to Plaintiffs, and against the wages of other purportedly similarly situated employees.  (Guan Ming Lin Second Conditional Cert. Decl., ¶¶ 5-6; Qi Li Second Conditional Cert. Decl., ¶¶ 3 – 4; Zeng Guan Li Second Conditional Cert. Decl., ¶¶ 3- 4; Moving Br. pp., 16 – 17.) However, Plaintiffs have failed to provide affidavits from, or any details regarding, the "other employees" with whom they have allegedly had "conversations."  Therefore, Plaintiffs have failed to identify any similarly situated employees.

Second, the Affidavit of Sharon Rose, sworn to on February 8, 2011 and the documentary evidence irrefutably establish that Plaintiffs' allegations are factually

22

194015.4

inaccurate in that Defendants <u>have never taken a meal credit against any of the Plaintiffs'</u> <u>wages</u>.  Moreover, an examination of Plaintiffs' pay stubs shows that Defendants did not take a meal credit against the wages owed to its employees.  (Schaeffer Declaration, Exhibit A.)  As explained by Ms. Rose, the wage statements "…lists the value of the "meals" provided to the employee in the column titled as "Earnings," and deducts that exact same amount as "Deductions"…Haru Too is not taking a "meal credit against the wages paid to Mr. Lin (or to any of its employees)."  (Rose Affidavit, ¶ 7.)  The wages paid to Plaintiffs were not reduced as a result of Haru Too providing them with free meals on the days on which they worked at the Restaurant.  This has been policy of the Haru Defendants since before 2004.  <u>See</u> Rose Affidavit, ¶ 7.   Therefore, Plaintiffs have failed to establish (and simply cannot establish) that Defendants have a policy, practice or scheme of improperly taking a meal credit against the wages of its employees.[4]

---

[4]      Plaintiffs argue that, based on the deposition testimony of Mr. Seth Rose, the Haru Defendants "took a meal credit without properly notifying employees of taking such meal credit." Moving Br., p. 16. However, Mr. Rose testified that he was not fully aware of Defendants' policy on meals.   Specifically, Mr. Rose stated that:

| | | |
|---|---|---|
| Q: | Do you guys take a meal credit for employees? | |
| A; | I believe some employees. | |
| Q: | Of who? | |
| A; | I am not sure. | |
| Q: | For delivery guys? | |
| A: | Possible, it would show on their paychecks. | |
| Q: | Meals, so on Exhibit 8, the pay stub for the period ended August 16, 2009, you take a meal credit of 29.40? | |
| A: | That is what it shows, yes. | |
| Q: | Do you know what the adjustment is? | |
| A: | I have no idea. | |
| Q: | So on the pay stub, for the period ended August 16, 2009, you don't know what the split is; right? | |
| A: | I don't know. | |

(Rose Dep. 276:10 – 277:8.)  A copy of Mr. Rose' deposition transcript is annexed as Appendix A to Plaintiffs' Moving Brief.  In addition, Defendants offered to produce a knowledgeable witness who would be able to answer any questions Plaintiffs had with respect to the Haru Defendants' policy, among other things, on meals and entries made on Plaintiffs' wage statements.  <u>See</u> Rose Deposition, pp. 281:25 – 282:11.  Plaintiffs' counsel did not accept that offer.

194015.4

In addition to the fact that it was never pled (or even mentioned) in Plaintiffs' Second Amended Complaint or their first motion for conditional collective certification, Plaintiffs' motion for collective action certification of their spread of hours claim must be denied as Plaintiffs fail to establish that they are similarly situated to the other members of the putative class. Although Sections 142-2.4 and 137-1.7 of the New York State Labor Law do require employers to pay their employees one hour's pay at the basic minimum hourly wage rate on days on which the spread of hours exceed 10, Courts in this district have held that such a requirement does not apply to employees whose pay is already more than the required minimum wage rate plus the additional hour of minimum wage. See Almeida v. Aguinaga, 500 F. Supp. 2d 366, 369-370 (S.D.N.Y. 2007) (stating that, in accordance with New York State Department of Labor's then-current position on spread of hours, a live-in maid was not entitled to spread of hours where the total compensation exceeded the then-current minimum wage.); Franklin v. Breton Int'l, Inc., 2006 U.S. Dist. LEXIS 88893, * 13 (S.D.N.Y. 2006) (denying an employee's claim for spread of hours compensation because, among other reasons, the spread of hours only applies to those earning the minimum wage). The Almeida case also supports the position that where the employee's tips bring them above the minimum wage, they are also not eligible for spread of hours premium pay. 500 F. Supp. 2d, at 370.

However, even if spread of hours were to apply to tipped employees who received a direct wage of less than the minimum wage but a total compensation in excess of the minimum wage, contrary to the deposition testimony cited in Plaintiffs' Moving Brief, not all of Haru Too's service employees are paid a wage that is at or below the minimum wage. In fact, this point is clearly established by the Declarations submitted by the

194015.4

named Plaintiffs throughout the course of this litigation. Two of the three named Plaintiffs are paid an hourly wage in excess of the minimum wage and therefore are indisputably not entitled to spread of hours premium pay. See Qi Li First Conditional Cert. Decl., ¶ 2; Zeng Guan Li First Conditional Cert. Decl., ¶ 2. In addition, only Plaintiff Guan Ming Lin has asserted an improperly pled claim of Defendants' purported failure to pay Plaintiffs a spread of hours premium pay. Plaintiffs Qi Li and Zeng Guan Li do not make a similar claim. And, similar to the deficiencies of Plaintiffs' first motion for conditional certification, "Mr. Lin provides even less information about the other employees" who were purportedly similarly situated and were allegedly victims of Defendants' purported practice of failing to pay employees a spread of hours premium. Report and Recommendation, p. 10. Therefore, with respect to Plaintiffs' meal credit and spread of hours claims, Plaintiffs' motion for conditional certification should be denied as "Mr. Lin's allegations are thus too conclusory to establish the requisite factual nexus with other members of the putative collective action." Id.

C. **Off-The-Clock/Overtime Allegations**

Plaintiffs' newly asserted off-the-clock/overtime claim based on the theory that Plaintiffs were required to clock-out of Haru Too's electronic time-keeping system before making their last delivery should not be conditionally certified as a collective action. Plaintiffs' claims are conclusory and fail to establish that Plaintiffs are similarly situated to a class comprised of even just delivery persons at the Restaurant let alone a class comprised of current and former employees who (a) work as delivery persons, servers, runners, bussers, bartenders and barbacks at Haru Too or at any of the other five Haru restaurants referenced in the Second Amended Complaint; (b) were paid a minimum

194015.4

wage by Haru Too or any of the other five Haru Defendants; or (c) were assessed a meal credit by Defendants.  Also, Plaintiffs have failed to establish that Defendants had a policy, practice or scheme of violating the FLSA and the New York Labor Law.

As with all of Plaintiffs' claims, Plaintiffs, with respect to their off-the-clock claims, again have failed to establish that they are similarly situated to the other purported collective action class members, and have failed to indentify one employee who is similarly situated - - let alone submit affidavits from such individuals.  Also, the example of Defendants' purported unlawful off-the-clock practice set forth in Plaintiffs' Second Conditional Certification Declarations only applies to delivery personnel and cannot be used as support for an application to conditionally certify a class that includes non-delivery employees.

Furthermore, adjudicating Plaintiffs' off-the-clock/overtime claims would require the Court to engage in plaintiff-by-plaintiff, and possibly restaurant-by-restaurant, fact specific inquiries.  Plaintiffs produced no evidence that this purported "policy" existed in other Haru restaurants or under the supervision of all Haru supervisors.  Courts in this Circuit have consistently denied notice and collective action certification when adjudicating a putative plaintiffs' claims would require a court to engage in individualized inquiry.  See Diaz v. Elc. Boutique of Am., 2005 U.S. Dist. Lexis 30382, at * 16-17 (W.D.N.Y. 2005) (denying plaintiffs motion for certification of plaintiffs' off-the-clock claims as they were "too individualized to warrant collective action treatment.") Typically, off the clock claims require each individual plaintiff to establish that an employer failed to compensate them for work completed on behalf of such employer, and, therefore, such claims are highly individualized and inappropriate for certification as

a FLSA collective action.  See id; Williams v. Accredited Home Lenders, Inc., 2006 U.S. Dist. Lexis 50653, at * 15 (N.D. Ga. 2006) (stating that "[l]liability cannot be determined by considering the employee's job duties.  Rather, every employee must testify about his awareness of the [company's] overtime policy, and his violation of that policy – and whether it was compelled by his branch manager. (brackets added)"); Seever v. Carrols Corp., 528 F. Supp. 2d 159, 173 (W.D.N.Y. 2007) (denying plaintiffs' motion for conditional certification of an off the clock work claim.)

Again, Plaintiffs have failed to make a modest factual showing that Haru Too has a uniform policy, practice or scheme of not paying employees for their hours worked or of requiring or permitting its employees to perform off the clock work.  If this case were to proceed to trial, each individual Plaintiff would be required to prove, and Defendants would, of course, be permitted to challenge that such employee conducted work off-the-clock on behalf of Haru Too.   Also, there is a lack of commonality of damages as Plaintiffs' theories of recovery, and the amount of recovery, if any, would vary from Plaintiff to Plaintiff.

Therefore, with respect to Plaintiffs' off-the-clock/overtime claims, Plaintiffs' claims are too individualized and are unsuitable for collective action treatment.  Furthermore, the evidence presented in this case does not support a finding that Defendants had a pattern, practice or scheme of not paying members of the purported class wages for their hours worked, and Plaintiffs have failed to establish that they are similarly situated to other delivery staff, let alone any other employees working at Haru Too.[5]

---

[5]     In addition to the fact that there is no basis to conditionally certify a collective action, Plaintiffs' proposed notice and consent to sue forms are inappropriate for numerous reasons including, but not limited

### III. PLAINTIFFS STATE LAW CLAIMS SHOULD NOT BE CERTIFIED FOR CLASS TREATMENT UNDER RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE6

Plaintiffs, in a confusing manner, appear to move the Court to grant Rule 23 class certification for all of Defendants' alleged violations of the New York State Labor Law asserted in Plaintiffs' Moving Brief - - (a) tip credit violations; (b) spread of hours violations; (c) meal credit violations; and (d) off-the-clock/overtime violations. (Plaintiffs' Moving Br., pp. 7- 8.)  However, Section II of Plaintiffs' Memorandum of Law In Support of Plaintiff's motion titled, "Plaintiff's State Law Based Wage-Hour Claims Should Be Certified For Class Treatment Under Rule 23," fails to include much, if any, factual analysis of Plaintiffs' pleadings and allegations to support class certification of Plaintiffs' state law claims.  In fact, in the introductory paragraph of that section of Plaintiffs' Memorandum of Law, Plaintiffs only make mention of their off-the-clock/overtime claims by stating that, "[u]nlike FLSA Claims (which can only be brought by persons who opt-in to a collective action), state law overtime claims are appropriate for class determination (underscoring added)."  However, Defendants will address each of Plaintiffs' state law claims in responding to that portion of Plaintiffs' motion.

---

to, the documents being overbroad.   Should it be necessary, Defendants respectfully request that they be permitted to promptly submit a counter-proposed notice and consent to sue form for the Court's consideration.  Plaintiffs' request for the Court to authorize the posting of the proposed notice at the restaurants owned and operated by the Haru Defendants is also improper.  Mailing of any Court-approved notices via first-class mail has been found to be the best and most reliable form of notice practicable.  See Gordon v. Kaleida Health, et al., 2009 U.S. Dist. Lexis 95729, * 35-36 (W.D.N.Y. 2009).

In addition, Plaintiffs' requests for the social security numbers of the purported class members are overly broad, premature and inappropriate.  If the Court grants conditional certification of this action as an FLSA collective action, then, similar to the Court's holding in the Report and Recommendation (p. 22), "the Court [should] order Haru Too to produce the names, last known address, and telephone numbers of all delivery persons they have employed with the past three years.  If plaintiffs have difficulty finding sufficient persons to conduct discovery based on that information, they can return to the court and seek disclosure of further contact information (brackets added)."

[6]    As set forth more fully above (pp. 11 to 13), Plaintiffs' New York Labor Law allegations are not properly before the Court as they were not pled (or even mentioned in any way) in Plaintiffs' Second Amended Complaint.  For this reason alone, Plaintiffs' motion for class certification should be denied in its entirety.

28

As set forth in Defendants' opposition to Plaintiffs' motion for conditional collective certification of Plaintiffs' FLSA and New York Labor Law claims above (pp. 13 to 27), Plaintiffs have failed to: (a) make factual allegations with sufficient specificity to support their claims; (b) set forth facts supporting the finding of a factual nexus between Plaintiffs' purported injuries and the injuries suffered by the purportedly similarly situated employees; and (c) identify a pattern or practice of Defendants for violating the FLSA and the New York Labor Law.  Based thereon, Plaintiffs' conclusory allegations are insufficient to meet the more heightened standard for class certification required under Rule 23.

A.      **Standard For Rule 23(a) Certification**

In order to qualify for Rule 23 class certification, a Plaintiff "must demonstrate that the proposed class meets all of the requirements of Rule 23(a) -- numerosity, commonality, typicality, and adequacy -- and that the proposed class action meets one of the subsections of Rule 23(b)." McBean v. City of New York, 260 F.R.D. 120, 131 (S.D.N.Y. 2009).  Rule 23(a) of the Federal Rules of Civil Procedure requires that a plaintiff prove that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)

While not specifically required by Rule 23, courts generally require that the class be definite and ascertainable in order to be certified.  See Jermyn v. Best Buy Stores, L.P., 2009 U.S. Dist. LEXIS 28945, **32-33 (S.D.N.Y. 2009).  In addition, as Plaintiffs'

motion for class certification relies on Rule 23(b)(3)[7], Plaintiffs must also establish that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Class certification may be granted only if the court is satisfied after a "rigorous analysis" that each of the Rule 23 requirements have been met. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982). The moving party bears the burden of proving each of the elements set forth under Rule 23, and failure to establish any one element is grounds for denial of the motion. See In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 36 (2d Cir. 2006); N.J. Carpenters Health Fund v. Residential Capital, LLC., 2011 U.S. Dist. LEXIS 4343, * 13 (S.D.N.Y. 2011) (denying plaintiffs' motion for class certification.)

In deciding whether Plaintiffs have met the Rule 23 requirements, Defendants respectfully request that the Court look beyond the bare, conclusory allegations set forth in Plaintiffs' Second Amended Complaint as "all of the evidence must be assessed as with any other threshold issue." In re Initial Pub. Offering Sec. Litig., at 27. "[T]he district court must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." Id. at 41-42 (requiring the district court to "assess all relevant evidence admitted at the class certification stage and determine whether each Rule 23 requirement has been meet, just as the judge would resolve a dispute about any other threshold prerequisite for continuing a lawsuit.") Although such requirement does not call for the Court to decide the merits of Plaintiffs' claims, Defendants respectfully submit that resolution of certain factual disputes between the parties is not prohibited, and, in fact, is required. See id. at 42. (holding that the

---

[7]   Plaintiffs Moving Br., p. 37.

district court's determination "can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and applicable legal standard, that the requirement is met.")

## 1.  **The Proposed Class is Overly Broad and Is Not Ascertainable.**

A plaintiff satisfies the ascertainability standard when a plaintiff has shown that "the class they seek to certify is readily identifiable, such that the court can determine who is in the class and, thus, bound by the ruling." McBean, 260 F.R.D. at 132-133.  A class is not sufficiently ascertainable when the proposed class "links class membership with the merits of the class members' claims (internal citations omitted)." Kiobel v. Royal Dutch Petroleum Co., 2004 U.S. Dist. LEXIS 28812, at *17 (S.D.N.Y. 2004); see also, Wilson v. Toussie, 2008 U.S. Dist. LEXIS 25469, *11 (E.D.N.Y. 2008) (stating that,"[a] class's definition will be rejected when it requires addressing the central issue of liability in a case and therefore the inquiry into whether a person is a class member essentially require[s] a mini hearing on the merits of each [plaintiff's] case (quotations omitted).")

Also, class certification is inappropriate as overbroad when the purported class includes individuals who did not suffer any harm.  See Owen v. Regence BlueCross BlueShield of Utah, 388 F. Supp. 2d 1318, 1334 (D. Utah 2005) (agreeing with defendant's evidence that "the proposed definition of the class is overbroad because many of the proposed class members have suffered no damages"); Zapka v. Coca-Cola Co., 2000 U.S. Dist. LEXIS 16552, *10 (N.D. Ill. 2000) (holding that class certification

194015.4

cannot be maintained when the proposed class includes individuals who did not suffer any injuries.)

Class certification for Plaintiffs' purported class should be denied as the definition of the purported class is unascertainable and overly broad.  Plaintiffs have defined the purported class to include all current and former employees at Haru restaurants: (a) who were tipped employees (including delivery persons, servers, runners, bussers, bartenders and barbacks); (b) who were paid the minimum wage; or (c) who were assessed a meal credit.  In response to Plaintiffs' First Motion for Conditional Class Certification (which involved a much less rigorous legal standard), the Court found a class of New York area delivery personnel to be overbroad.  The proposed class, which is significantly broader than previously defined, is in no way "readily identifiable," would include employees who did not suffer any harm and would require the Court to conduct a "mini trial" with respect to each purported class member to determine if, at a minimum, such employee:

(a)    Was improperly paid less than minimum wage due to Defendants taking of a tip credit against their wages without providing adequate notice of the tip credit, which, according to Plaintiffs, would also require the Court to determine, with respect to each such employee, whether they understood English well enough to understand the multiple written notices that were provided to them;

(b)    Received compensation at or below the minimum wage and whether such employee worked a spread of hours exceeding 10, and, therefore, may be entitled to receive a spread of hours premium pay;

(c)    Was required to perform work on behalf of the Haru Defendants after such employee had clocked-out of the Haru Defendants' electronic time-keeping system; and

(d)    Was provided a meal, what that meal consisted of on a daily basis, and if any meal credit was taken.

194015.4

Plaintiffs' definition of the purported class is overbroad because, as set forth in greater detail above (pp. 13 to 27), many of the purported class members have not, and could not have, suffered any of the damages alleged to have been incurred.  It is an indisputable fact that many of the employees that could be subsumed in Plaintiffs' improper proposed class were paid above minimum wage, were not subject to a tip credit, did not work in excess of ten hours in a day and were not entitled to spread of hours premium pay regardless of whether they worked a spread of hours in excess of ten hours. In fact, two of the three named Plaintiffs have conceded that they were paid above minimum wage and thus could not have a tip credit or spread of hours claim.  They have not made any allegations concerning damages resulting from Haru Too's purported failure to pay appropriate minimum wages and a spread of hours premium pay. Therefore, Plaintiffs' motion for class certification should be denied.

> ### 2.   Plaintiffs Have Failed To Demonstrate That The Proposed Class Is So Numerous That Joinder Of All Purported Members Is Impracticable.

Plaintiffs' allegation that "numerosity is clearly established, as Defendants have more than 140 tipped employees and 450 to 475 employees in total, and approximately 50 people at each Haru Restaurant" does not satisfy the numerosity requirement. Plaintiffs have not demonstrated that <u>the number of putative class members is so numerous that joinder is impracticable</u>.  As set forth in greater detail above (pp. 13 to27), Plaintiffs have not established that any of the purported class members, let alone a sufficient number of individuals, including the named Plaintiffs themselves, suffered from the same violations of the aforementioned sections of the New York Labor Law such that joinder is impracticable.  See <u>Makuc v. Am. Honda Motor Co.</u>, 835 F.2d 389,

394 (1st Cir. 1987) (denying class certification because plaintiff could only speculate concerning whether others in the purported class suffered the same injuries as the named plaintiff); <u>Kinzler v. New York Stock Exchange</u>, 53 F.R.D. 75, 77-78 (S.D.N.Y. 1971) (holding that, in an antitrust suit, evidence as to the size of the class was speculative where the plaintiff failed to show how many people were injured as a result of the defendant's actions).

### 3.   <u>Plaintiffs Have Not Established Commonality and Typicality.</u>

The requirements of commonality and typicality are related concepts and "[b]oth serve as guideposts for determining whether…the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." <u>Gen. Tel. Co. of Sw.</u>, 457 U.S. at 147; <u>Paciello v. UNUM Life Ins. Co. of Am.</u>, 2000 U.S. App. LEXIS 11580, * 6 (2d. Cir. 2000) (stating that the two concepts tend to merge and that "[t]he commonality requirement is met if plaintiffs' grievances share a common question of law or of fact.  Typicality requires that the claims of the class representatives be typical of those of the class, and it 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.' (internal citations omitted.")  Furthermore, typicality "requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the purported class." <u>In re Fosamax Prods. Liab. Litig.</u>, 248 F.R.D. 389, 398-399 (S.D.N.Y. 2008).  Therefore, a plaintiff is charged with producing some "quantum of evidence to satisfy the commonality and typicality requirements, usually in the form of affidavits, statistical evidence, or both, tending to show the

existence of a class of persons affected by a company-wide policy or practice of discrimination." Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79, 238 F.R.D. 82, 95 (S.D.N.Y. 2006).

In support of their obligation to meet the typicality and commonality requirements of Rule 23 class certification, Plaintiffs allege that:

> In this case, there are a number of questions of law and fact common to the putative class revolving around the legality of Defendants' compensation practices and policies…In addition, Plaintiffs' affidavits illustrate a pattern of time-shaving to which all Class Members were subjected. There are also common questions of law regarding the applicability and interpretation of New York Labor Law and relevant regulations….Since Plaintiff and other Class Members challenge what they allege are practices and procedures to which all Defendants' tipped employees, minimum wage workers or employees on whom a meal credit was assessed, were subject, the commonality and typicality requirements are easily satisfied. (Underscoring added.)

(Plaintiffs' Moving Br., p. 35.)

As set forth more fully above (pp. 9, and 25 - 28), Plaintiffs' "time shaving" allegations are based on the thinly supported allegation that "…near the end of my shift, I would be asked to clock-out before setting out to make my last delivery order (underscoring added)." (Guan Ming Lin Second Conditional Cert. Decl., ¶ 7; Qi Li Second Conditional Cert. Decl., ¶ 5.) As for Plaintiffs' other state law claims, as stated more fully above (p. 9), Plaintiffs allege that Defendants improperly took a tip credit against their minimum wage, failed to pay Plaintiffs a spread of hours premium pay, and improperly deducted a meal credit from Plaintiffs' wages (Plaintiff Guan Ming Lin Second Conditional Cert. Decl., ¶¶ 2 - 6; Plaintiff Qi Li Second Conditional Cert. Decl., ¶¶ 3 – 4; Plaintiff Zeng Guan Li Second Conditional Cert. Decl., ¶¶ 3- 4).

194015.4

Plaintiffs' pleadings and Declarations do not meet the commonality and typicality requirements of Rule 23. Plaintiffs have set forth no affidavits from other employees or other evidence supporting "the existence of a class of persons affected by a company-wide policy or practice." Id. In fact, the named Plaintiffs themselves do not claim (and, as set forth above (pp. 13 - 27), cannot claim) to have suffered similar injuries resulting from "a company-wide policy or practice" of Defendants' to not pay the appropriate minimum wage and spread of hours premium pay. And, with respect to Plaintiffs' purported off-the-clock overtime claims, Plaintiffs' example of Defendants' purported "time shaving" practice would, at most, apply to a small number of delivery staff employees working at Haru Too. Plaintiffs' example of Defendants' purported "time shaving" violations would not uniformly apply to a class of individuals including "Defendants' tipped employees, minimum wage workers or employees on whom a meal credit was assessed."

Plaintiffs have failed to put forth any evidence that Defendants had a policy or practice of violating any of the New York State wage and hour laws upon which Plaintiffs' allegations and claims are based. Plaintiffs have failed to allege any factual, not conclusory or hypothetical, allegations that, since in or about February 2004, Defendants had a uniform policy of: (a) requiring members of the purported class to work off-the-clock; (b) improperly taking a tip credit against the wages of members of the purported class; (c) failing to pay members of the purported class a spread of hours premium pay; and (d) improperly deducting a meal credit from the wages of members of the purported class.

194015.4

In <u>Mendoza v. Casa De Cambio Delgado, Inc.</u>, 2008 U.S. Dist. Lexis 27519 (S.D.N.Y. 2008), the court, when presented with plaintiffs' motion for class certification which suffered from similar deficiencies as Plaintiffs' instant motion, denied the plaintiffs' motion due to plaintiffs' general allegations that they were similarly situated to other employees who were entitled to overtime wages. In denying plaintiffs' motion, the <u>Mendoza</u> court held that "no affidavit or other evidence by the employees provide[d] any connection to other employees…" and that "[h]aving read all the papers, one cannot help but ask 'where's the beef.'" <u>Id.</u> at *10.

As Plaintiffs have failed to set forth evidence to meet the typicality and commonality requirements of Rule 23, Plaintiffs' motion for Rule 23 class certification should be denied.

### B.      **Plaintiffs Have Failed To Meet The Requirements of Rule 23(b)(3)**

If, as is the case here, a plaintiff seeks certification of a class pursuant to Rule 23(b)(3), then the plaintiff must demonstrate that "questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). The Rule 23(b)(3) predominance requirement "is more demanding than the commonality requirement under Rule 23(a)." <u>Moore v. PaineWebber, Inc.</u>, 306 F.3d 1247, 1252 (2d Cir. 2002). "The 'predominance' requirement of Rule 23(b)(3) 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation'(internal citations omitted)." <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 548 (2d Cir. 2010). "[A]n issue is common to the class when it is susceptible to generalized, class-wide proof." <u>In re Nassau County Strip Search Cases,</u>

194015.4

461 F.3d 219, 227 (2d Cir. 2006). "Therefore the requirement is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof' (internal citations omitted).") Myers, 624 F.3d 537 at 547.

In an attempt to satisfy Rule 23(b)(3)'s predominance requirement, Plaintiffs assert that:

> Those issues [whether class members were not paid appropriately], which are the primary issues in this case for all Class Members, are subject to generalized proof regarding Defendants' policies and practices. Thus, the common issues regarding the legality of Defendants' compensation policies and practices clearly predominate over any individual issues that may arise, such as questions of the damages to which each individual Class Member is entitled. (Brackets added.)

Plaintiffs' Moving Br., p. 38.

Plaintiffs' use of the terms "policies and practices" incorrectly implies that Plaintiffs have identified an unlawful practice or policy of the Haru Defendants that is applied across the board. As stated throughout Defendants' opposition brief, Plaintiffs have failed to establish the existence of such uniform practice or policy. Plaintiffs merely speculate that members of the purported class were: (a) required to work off-the-clock and conduct late night deliveries; (b) subjected to an improper tip credit against their wages because they were allegedly not given adequate notice of the tip credit; (c) improperly charged a meal credit; and (d) not paid a spread of hours premium pay. In fact, as set forth more fully above (pp. 8 - 9), the Declarations of the three named Plaintiffs alone prove that Plaintiffs' purported theories of liability and recovery are not uniform throughout Haru Too, or at any of the restaurants owned and operated by the

194015.4

Haru Defendants.  Furthermore, with respect to Plaintiffs' off-the-clock/overtime and

meal credit claims, the Court would be required to engage in plaintiff-by-plaintiff, and

possibly restaurant-by-restaurant, fact specific inquiries.  If Plaintiffs' New York Labor

Law off-the-clock/overtime claim were certified as a class action, Plaintiffs would be

required to provide "specific evidence as to which associates worked 'off the clock,' on

what occasions, and for how long…[and] that defendant either knew or had reason to

know that its employees were thus engaged."  Alix v. Wal-Mart Stores, Inc., 838

N.Y.S.2d 885, 893 (Super. Ct. 2007) (denying plaintiffs' motion for class certification of

plaintiffs' off-the-clock claims as plaintiffs failed to meet the predominance requirement

for class certification.)  The Alix court further held that:

> [P]roving the essential elements of the alleged Labor Law violations will
> inescapably require individualized inquiry…the circumstances under
> which any associate did work "off the clock" or was deprived of premium
> pay for overtime cannot be established by vague generalizations... As a
> result, defendant's liability to any aggrieved litigant can only be
> established by the proof of facts specific to that individual plaintiff. Thus,
> it cannot be said that the common factual questions predominate over
> those which affect only individual members of the proposed class.
> (Underscoring added.)

Id. at 896.

Here, the Court would also have to engage in a similar plaintiff-by-plaintiff, and

possibly restaurant-by-restaurant, fact specific inquiry to determine whether members of

the purported class are entitled to recovery under Plaintiffs' theories of Defendants'

unlawful tip credit and spread of hours policies and practices.  With respect to Plaintiffs'

minimum wage/tip credit claim, the Court, among other things, would have to determine

whether such purported class member was a tip credit employee and whether Defendants

informed them that a tip credit would be taken against their wages.  Furthermore, given

that Plaintiffs' claim of an improper tip credit is based on the allegation that written

194015.4

notice was inadequate because it was given in English, that claim, according to Plaintiffs, would also require a plaintiff-by-plaintiff assessment of their ability to read and understand English. And, as for Plaintiffs' spread of hours claim, the Court, among other things, would have to determine whether such purported class member earned an hourly wage at or below the minimum wage, and on which days their spread of hours exceeded 10. Such individualized determinations make Plaintiffs' proposed class action unmanageable. Plaintiffs' proposed class action is not the superior method of adjudicating Plaintiffs' claims. Therefore, Plaintiffs have failed to establish the predominance and superiority requirements of Rule 23(b)(3).

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion in its entirety, and grant Defendants such other and further relief as the Court deems just and proper.

Dated:   February 9, 2011                    Respectfully Submitted,
         New York, New York

                                             DORNBUSH SCHAEFFER
                                             STRONGIN & VENAGLIA, LLP


                                             By: _____
                                             Richard Schaeffer (RS-0019)
                                             Adler Bernard (AB-0233)
                                             747 Third Avenue
                                             New York, New York 10017
                                             212-759-3300

                                             Attorneys for Defendants
                                             Benihana National Corp., Benihana
                                             New York Corp, Haru Holding
                                             Corp., Haru Amsterdam Avenue
                                             Corp., Haru Gramercy Park Corp.,
                                             Haru Park Avenue Corp., Haru Third

194015.4

Avenue Corp., Haru Too Inc., Haru
Wall Street Corp., and Benihana Inc.

194015.4