UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
GUAN MING LIN, et al.,                                    :
                                                          :
                                  Plaintiffs,             :
                                                          :        No. 10 Civ. 1335 (RA) (JCF)
                                                          :
                   -v-                                    :
                                                          :        ORDER ADOPTING REPORT AND
BENIHANA NEW YORK CORP, et al.,                           :        RECOMMENDATION
                                                          :
                                  Defendants.             :
                                                          :
----------------------------------------------------------X
                                                          :
LONG HUA ZHANG, et al.,                                   :
                                                          :
                                  Plaintiffs,             :
                                                          :
                                                          :
                   -v-                                    :
                                                          :
BENIHANA INC., et al.,                                    :
                                                          :
                                  Defendants.             :
                                                          :
----------------------------------------------------------X
                                                          :
MARTIN GARCIA, et al.,                                    :
                                                          :
                                  Plaintiffs,             :
                                                          :
                                                          :
                   -v-                                    :
                                                          :
BENIHANA INC., et al.,                                    :
                                                          :
                                  Defendants.             :
                                                          :
----------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

        Plaintiffs bring this action alleging violations of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL").  They have filed a motion for

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/27/13

class certification on behalf of all non-exempt employees employed by Defendants at a group of Defendants' restaurants ("Restaurants") from February 18, 2004 until the present ("Class Period"). Specifically, Plaintiffs seek certification as to their claims that Defendants: (1) did not pay required spread of hours wages ("Spread of Hours Claim"); (2) did not provide proper wage statements ("Wage Statement Claim"); and (3) did not provide proper wage and hour notices.

Before the Court is the October 23, 2012 Report and Recommendation ("Report") of Magistrate Judge James C. Francis IV. The Report recommends that the Court certify classes with respect to the Spread of Hours Claim and the Wage Statement Claim. Specifically, as to the Spread of Hours Claim, the Report recommends that the Court certify a class consisting of all current and former non-exempt employees employed by the Restaurants at minimum wage from February 18, 2004 through June 25, 2009 ("Spread of Hours Class"). As to the Wage Statement Claim, the Report recommends that the Court certify a class consisting of all current and former non-exempt employees employed by the Restaurants from February 18, 2004 until the present ("Wage Statement Class"). The Report also recommends that the Court grant Plaintiffs' other requests for relief associated with certification.[1] Finally, it recommends that the Court deny the Motion in all other respects.

On November 20, 2012, Defendants filed objections to the Report's recommendations as to the Spread of Hours Class and Wage Statement Class. Plaintiffs responded to Defendants' objections on December 5, 2012 and Defendants replied on December 19, 2012.

For the reasons set forth in the Report and below, the Court adopts the Report in its entirety.

---

[1]     Specifically, the Report recommends that: the named Plaintiffs be designated as class representatives and that Lee Litigation Group, PLLC, be appointed as class counsel; the parties confer and submit joint or separate proposed notices; and Defendants be ordered to produce the names, last known addresses, telephone numbers, positions, dates of employment and weekly hours worked for all employees of the Restaurants from February 18, 2004 until the present and identify minimum wage employees from February 18, 2004 through June 25, 2009.

## STANDARD OF REVIEW

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, a party makes specific objections to a report and recommendation the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.; see also Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." Francis v. A & E Stores, Inc., No. 06 Civ. 1638 (CS) (GAY), 2008 WL 4619858, *1 (S.D.N.Y. Oct. 16, 2008). The clearly-erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Id. (citations and quotation marks omitted).

## DISCUSSION

### 1. Spread of Hours Class

The Report recommends that the Spread of Hours Class be certified for the period beginning on February 18, 2004 and ending on June 25, 2009. The Report states:

> [T]here is no evidence that any of the Haru restaurants paid any spread of hours wages before June 25, 2009. (Reply at 8; Detail Payroll Registers, attached as Exh. A to Reply). The Detail Payroll Registers for pay periods before June 25, 2009, do not contain any spread of hours payments. (Detail Payroll Register, attached as Exh. A to Reply). It is possible that the individuals identified in the wage statements did not work for more than 10 hours in any day before June 25, 2009, but, despite the plaintiffs' request, the defendants have failed to produce the clock-in, clock-out time sheets, which would resolve this uncertainty. (Reply at 8 n.3). Absent such records, it is appropriate to infer that the plaintiffs' hours of work prior to June 25, 2009, were similar to their hours thereafter, and that they

3

were entitled to spread of hours pay. Accordingly, the issue of whether the defendants had a policy of not paying spread of hours wages before June 25, 2009, is amenable to class resolution.

(Report 15-16.)

Defendants' objection to this recommendation is the Report's purported reliance on "the *absence* of evidence that any of the plaintiffs received spread of hours pay before June 25, 2009." (Memorandum of Law in Support of Defendants' Objections to Magistrate Judge's Report and Recommendation ("Defs.' Mem.") 6) (emphasis in original). Defendants therefore take issue not with Plaintiffs' ability to satisfy Rule 23's certification requirements, but with the sufficiency of the evidence Plaintiffs have supplied in support of the Motion.

For the reasons the Report provides, the Court finds Defendants' objection to be without merit. Plaintiffs have submitted payroll records that reflect pay periods predating June 25, 2009 but that do not reflect the payment of spread of hours pay during that time. These records also show that, after June 25, 2009, employees received spread of hours pay when their work day exceeded ten hours. The remaining issue then is whether employees were entitled to spread of hours pay prior to June 25, 2009 because they worked for periods in excess of ten hours. Plaintiffs requested that Defendants produce the time sheets that would demonstrate the hours their employees worked prior to June 25, 2009, but Defendants did not do so.[2] Under these circumstances, although Plaintiff could surely have presented stronger evidence, the Court nonetheless agrees with the conclusion in the Report that it is appropriate at this stage to infer that Plaintiffs' hours before June 25, 2009 were similar to their hours thereafter.

---

[2]     Defendants argue that Plaintiffs can only blame themselves for their inability to produce the relevant time sheets. Defendants cite a January 27, 2012 letter addressed to Judge Francis in which Plaintiffs took the position that "further discovery is not necessary" before the filing of a class certification motion. (Defs.' Mem. Ex. A.). It is not clear to the Court that that statement reflects, as Defendants urge, a "tactical" decision by Plaintiffs to forgo further discovery. (Id. 7.) Plaintiffs state elsewhere in the same letter that "no further discovery *of Plaintiffs* is needed because liability is determined solely on the basis of work schedules and wage statements provided to employees, which would be in Defendants' possession." (Id. Ex. A.) (emphasis added.) That statement is consistent with Plaintiffs' subsequent effort to obtain the relevant time sheets from Defendants.

As Judge McMahon recently explained in certifying a spread of hours class in similar circumstances:

> Defendants do not contend that they have or had a policy of paying spread of hours wages for their non-exempt employees. It would have been extremely easy for Defendants to adduce any evidence that they had a policy of paying spread of hours wages as required by the NYLL—Defendants are in control of their own wage policies and records. Defendants only take issue with the quality of Plaintiffs' evidence. I agree that Plaintiffs could have presented stronger evidence, but the evidence they do provide is still sufficient to infer a common policy—or lack thereof—that affects the proposed class. That Defendants fail to deny Plaintiffs' charge merely bolsters my conclusion.

Flores v. Anjost Corp., 284 F.R.D. 112, 126 (S.D.N.Y. 2012).

Here, too, Defendants fail to make even a simple proffer that the unproduced time sheets would show that, prior to June 25, 2009, non-exempt employees did not work more than ten hours a day or that spread pay was given to those who did. While the Court finds the payroll evidence sufficient independent of that failure, that Defendants have studiously avoided any representation as to what those withheld materials would show gives the Court comfort that the Report's conclusion is a correct and appropriate one.

In sum, the Court is satisfied that Plaintiffs have adduced evidence sufficient to find the existence of a "common contention"—i.e., that Defendants had a policy of not paying spread of hours wages before June 25, 2009—"of such a nature that it is capable of classwide resolution." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).[3]

## 2. Wage Statement Class

The Report recommends that the Court certify the Wage Statement Class for the period of February 18, 2004 to the present. Defendants principally object that the Wage Statement Class

---

[3]     Although "it is often proper . . . to view a class action liberally in the early stages of a litigation," Woe v. Cuomo, 729 F.2d 96, 107 (2d Cir. 1984), "courts are required to reassess their class rulings as the case develops." Boucher v. Syracuse Univ., 164 F.3d 113, 118 (2d Cir. 1999) (citation and internal quotation marks omitted). This case is no exception, and the Court will decertify or limit the scope of the class if it appears from further discovery that the requirements of Rule 23 have not in fact been met.

should begin on April 9, 2011, the effective date of the Wage Theft Prevention Act ("WTPA"), which amended the NYLL to, *inter alia*, increase requirements for employee wage statements. (Defs.' Mem. 15.) Plaintiffs, however, assert non-compliance not only with the requirements of the WTPA, but also with wage statement requirements in effect prior to April 9, 2011. (See Memorandum of Law in Response to Defendants' Objections to Magistrate Judge's Report and Recommendation 13-14; First Amended Class and Collective Action Complaint ¶ 72.)[4] Accordingly, the Court sees no reason at this stage to limit the Wage Statement Class period. See Flores, 284 F.R.D. at 128 (certifying a wage statement class from March 7, 2005 to the present); Mendez v. Pizza on Stone, LLC, 11 Civ. 6316 (DLC), 2012 WL 3133547 (S.D.N.Y. Aug. 1, 2012).

The Court also rejects, for the reasons provided in the Report, Defendants' argument, made previously to Judge Francis, that certification of the Wage Statement Class is improper because individualized defenses will predominate. (See Defs.' Mem. 15-21; Report 23-27.)

### 3. Supplemental Jurisdiction

Defendants also reiterate the argument they made to Judge Francis that the Court should decline to exercise supplemental jurisdiction over the Wage Statement Claim. For the reasons the Report provides, the Court rejects this argument as well. (See Defs.' Mem. 21-24; Report 30-33.)

---

[4] Defendants contend that, prior to April 9, 2011, "there was no private right of action to seek a remedy for the employer's failure to comply with the wage statement provisions of [the] NYLL." (Defendants' Reply Memorandum in Support of Their Objections to Magistrate Judge's Report and Recommendation 8.) Defendants submit an opinion letter from the New York State Department of Labor ("DOL Letter"), which they claim supports this contention. (Id. Ex. A.) The DOL Letter, however, explicitly states that whether such a private right of action exists "may only be determined by the court in which such action is brought." (Id.)

## **CONCLUSION**

The Court has reviewed under a clear error standard the portions of the Report to which neither party objects or to which Defendants make objections that are simply reiterations of arguments made to Judge Francis. It has reviewed de novo Defendants' other objections. The Court agrees with Judge Francis' recommendations and adopts the Report in its entirety. The Clerk of Court is respectfully directed to close item number 143 on the docket of this case.

SO ORDERED.

Dated:        February 27, 2013
              New York, New York

Ronnie Abrams
United States District Judge

7