```
UNITED STATES DISTRICT COURT                  (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
GUAN MING LIN, QI LI and ZENG         : 10 Civ. 1335 (RA) (JCF)
GUAN LI, on behalf of themselves      : (and consolidated cases)
and others similarly situated,        :
                                      :         O R D E R
                Plaintiffs,           :
                                      :
     - against -                      :
                                      :
BENIHANA NATIONAL CORP., BENIHANA     :
NEW YORK CORP., HARU HOLDING CORP.,   :
HARU AMSTERDAM AVENUE CORP., HARU     :
GRAMERCY PARK CORP., HARU THIRD       :
AVENUE CORP., HARU TOO, INC., HARU    :
WALL STREET CORP., JOEL SCHWARTZ,     :
and BENIHANA INC.,                    :
                                      :
                Defendants.           :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```



Counsel having submitted letters dated March 22, 2013, setting forth current discovery disputes, it is hereby ORDERED as follows:

1. Defendants shall produce punch clock records for minimum wage employees for the period February 18, 2004, to June 25, 2009. That is consistent with the class period.

2. Defendants shall produce wage statements for all non-exempt employees for the period February 18, 2004, to the present. Under the broad definition of relevance, these documents are discoverable in relation to several of the plaintiffs' claims even if some subset of employees do not have a claim under New York Labor Law § 195(3), an issue that need not now be decided.

3. Defendants have agreed to produce the work schedules for all named and opt-in plaintiffs for the period February 18, 2004, to the present.

4. Plaintiffs have apparently agreed to forego corporate documents for the holding company defendants in return for certain stipulations by defendants. The parties shall reduce those stipulations to writing and submit them to the Court.

5. Defendants have agreed to produce a list of the managers and assistant managers for each of the Haru restaurants named in the First Amended Complaint. They need not produce a list for Haru Broadway, which is not named as a defendant.

6. Plaintiffs' request to compel discovery of electronically stored information by applying designated search terms to certain custodians is denied. To the extent that plaintiffs wish to take discovery in a format other than the conventional document demand followed by a response, they must come to agreement with defendants. Furthermore, the specific search terms suggested by plaintiffs are plainly overinclusive, as they include such terms as bus*, overtime, and tip*.

7. Defendants have agreed to answer Plaintiffs' Third Set of Interrogatories.

8. Plaintiffs shall answer defendants' interrogatories to plaintiff Chun Lin and shall produce all documents in response to

2

defendants' requests for documents to Maria Carnicella, Thanida Chaichanchuti, Martin Garcia, Jose Ricardo Gomez, Mai Hiraoka, Ekaterina Kosar, Koon Ho Kwan, Sandy Levitan, Chun Lin, Jin Hai Lin, Melissa Lombrowski, Shazia Malik, Salomon Mendoza, Lilianna Munoz, Brandi M. Tape, Fernando Texis, Anne Velasco, Israel Pedro Velasco, Lauren Villaroel, Valentin Vivar, Guo Hua Wang, Zheng Wang, and Long Hua Zhang.

9. Plaintiffs need not produce documents reflecting fee arrangements with counsel. These documents are not relevant to any current issue, and although their voluntary disclosure might facilitate settlement, the Court cannot compel production of irrelevant information. See Sanderson v. Winner, 507 F.2d 477, 479-80 (10th Cir. 1974) (overturning order for production of fee arrangement information); Mitchell-Tracey v. United General Title Insurance Co., No. Civ. 05-1428, 2006 WL 149105, at *3 (D. Md. Jan. 9, 2006).

10. While documents reflecting plaintiffs' principal places of residence, level of education, and proficiency in English may have some relevance, the information is more efficiently obtained through deposition testimony and need not be produced at this time.

11. The documents and discovery responses required to be produced by this order shall be exchanged by April 30, 2013.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       April 2, 2013

Copies mailed this date:

C.K. Lee, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, New York 10016

Dennis A. Lalli, Esq.
Bond, Schoeneck & King, PLLC
330 Madison Avenue, 39th Floor
New York, New York 10017