# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

**MEMO ENDORSED**

April 9, 2013

**Via FAX (212) 805-7930**

The Honorable James C. Francis
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10027

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/13

Re: <u>Lin, et al. v. Benihana National Corp. et al.; Docket No.: 10-CV-1335</u>

Dear Judge Francis:

We are counsel to Plaintiffs in the above referenced matter. We write to Your Honor to respectfully request reconsideration of your order dated April 2, 2013.

Plaintiffs request Your Honor to reconsider No. 5 of the order in which Your Honor has agreed with the Defendants that they need not produce a list of managers and assistant managers of Haru Broadway because it is not a named defendant.

Pursuant to Your Honor's Report and Recommendation dated April 20, 2011 and Judge Marrero's adoption of it in its entirety on June 2, 2011, the collective action notice has been sent to all tipped employees of ALL Haru restaurants, including Haru Broadway. The Court determined that Defendants' policy was common throughout all of their restaurants in New York City. Therefore, even if Plaintiff did not include Haru Broadway as a named Defendant, the Court has included employees of Haru Broadway as putative class members who suffered from the same injury as the class representatives. Accordingly, eleven employees of Haru Broadway opted-in to this lawsuit.

Plaintiffs believe that it is essential for Defendants to produce the list of managers and assistant managers employed at Haru Broadway. Such list of managers is relevant in proving Haru Broadway's policy in compensating eleven opt-in Plaintiffs as well as the putative Rule 23 Class members.

Therefore, Plaintiffs respectfully request Your Honor to reconsider No. 5 of your order and order Defendants to produce a list of managers and assistant managers for Haru Broadway. Should the Court still find such request inappropriate, Plaintiffs respectfully request the Court leave to amend Plaintiffs' First Amended Class and Collective Action Complaint.

Lastly, the parties are still working on the e-discovery dispute in accordance with No. 6 of your order. The parties are scheduled to have a call regarding discovery this Thursday, April 11, 2013. If the parties are not able to amicably resolve the e-discovery dispute, we will contact the Court.

We thank Your Honor for your consideration on this matter.

Respectfully submitted,

/s/ C.K. Lee

C.K. Lee, Esq.

cc:   Dennis Lalli, Esq. (via e-mail)

> 4/16/13
>
> Applications denied. Plaintiffs cannot expand the class definition simply by adding opt-in plaintiffs who are not employed by the named defendants. Nor may the complaint be further amended without a proper motion.
>
> SO ORDERED.
>
> James C. Francis IV
> USMJ